**B. S. BIRCH, Plaintiff in Error,**

v.

**Charolette G. KEEN and Dale Duane Keen, Defendants in Error.**

**No. 41785.**

Supreme Court of Oklahoma.

Jan. 21, 1969.

Doerner, Stuart, Moreland & Saunders, Harry D. Moreland, Tulsa, for plaintiff in error.

Alfred B. Knight, Tulsa, for defendants in error.

LAVENDER, Justice:

This appeal involves an attempt to avoid a general release of all claims executed by the plaintiff in error herein following an

auto accident. The plaintiff in error was the plaintiff in the trial court and brought this action to recover damages arising out of the accident.

The defendant pleaded the release and attached a copy of it to their answer.

The plaintiff contends that the release was subject to avoidance because certain matters were misrepresented to him before he signed the release and because of a mutual mistake of the parties to the instrument concerning the full extent of the plaintiff's injuries. The plaintiff also contended that the insurance adjuster told him that if plaintiff had any "trouble" in the future that the insurance company would make an additional payment of money to compensate plaintiff.

The defendants took the deposition of plaintiff in which he admitted signing the release and receiving $728.42 as consideration for it. The total damage to the plaintiff's car was $228.42 and the remainder of the payment to plaintiff was to compensate him for any personal injuries he suffered. On the occasion of plaintiff signing the release he testified that he met the insurance adjuster at the body shop which had just completed repairing the plaintiff's car. The plaintiff said the adjuster told him that he could not get his car until he signed the release. Plaintiff testified that at the adjuster's request he called his doctor before signing the release and was told that he could have more trouble with his neck injury and that the doctor couldn't tell then what the additional medical expense would be, but it would be $125.00 for the following month. The plaintiff passed this information on to the adjuster who then inquired if $500.00 would be enough to cover plaintiff's injuries. Plaintiff replied that he guessed so, but something else might come up. Plaintiff said the adjuster then told him that it was a gentlemen's agreement and that if anything more came up to be sure and call him. The plaintiff admitted that the adjuster did not say the company would make any further pay-

ments. The release was then filled in and the check for the $728.42 was prepared and delivered to plaintiff. The plaintiff was asked if anything had been misrepresented to him by the adjuster and he answered in the affirmative saying that the adjuster should have told plaintiff he could get his own collision insurance carrier to pay the repair bill on his car and it wouldn't have been necessary for the plaintiff to sign the release in order to get his car.

There is nothing to indicate that the adjuster was aware plaintiff had collision insurance on his car.

The plaintiff testified that he was, and had been for ten or twelve years, a licensed real estate broker and was familiar with contracts and the binding effect of contracts but didn't necessarily consider this release to be a binding agreement. He said he might have read it before he signed it but did not remember whether he had or not.

The accident occurred on the 28th day of November and the release was executed the 14th of December, following. In January the plaintiff said he began experiencing pain in his low back and continued to receive medical care from the same doctor he had visited earlier (and whom he called the day he signed the release). He lost two or three days from his work all together and made his last trip to the doctor in June or July of that year. The following year he was injured in another automobile accident for which he claimed and was paid damages for property damage and personal injuries. The plaintiff further stated that at the time of taking the deposition (approximately two years after the accident) his back and neck still hurt and he could not stoop over.

A copy of the deposition was attached to a Motion for Summary Judgment filed by the defendants pursuant to Rule 13 of the "Rules for the District, Superior and Common Pleas Courts of Oklahoma," See Appendix to Chapter 2 Title 12, 1967 Supple-

ment to the Oklahoma Statutes. That rule provides in part:

"A party may move for judgment in his favor where the deposition, admission, answers to interrogatories and affidavits on file show that there is no substantial controversy as to any material fact. * * The court shall render judgment if it appears that there is no substantial controversy as to any material fact and that any party is entitled to judgment as a matter of law."

The trial court sustained defendants' Motion and entered judgment for the defendants. We are of the opinion that under the circumstances the trial court did not err.

■ We do not agree with plaintiff that the insurance adjuster's statement to him to the effect that plaintiff could not get his car until he signed the release and the failure of the adjuster to advise plaintiff the latter could make claim against his own insurance company amounted to fraud or over-reaching or a misrepresentation on the part of the adjuster, especially where there is no showing that the adjuster was aware plaintiff had a policy of collision insurance on his car.

■ In support of his position that there was a mutual mistake as to a material fact—namely, the extent of plaintiff's injuries—and that the release should be avoided on that ground, plaintiff has cited Pickering Lumber Co. v. Campbell (1931), 147 Okl. 158, 295 P. 596, and K. C. Motor Co. v. Miller (1939), 185 Okl. 84, 90 P.2d 433. The Pickering case involved a claim for workmen's compensation benefits in which the claimant had settled for injuries to his wrist and it turned out that he had a broken arm—a fact which was not known to either the claimant or his employer at the time of the settlement. This court cited St. Louis-San Francisco Ry. Co. v. Cauthen (1925), 112 Okl. 256, 241 P. 188, 48 A.L.R. 1447, wherein the court said a release would be held invalid "* * * where it appears that the purpose of the release was to compensate for apparent in-

juries, known injuries, * * *"; and also where "* * * the purpose of the release was to compensate for known injuries in the contemplation of the parties at that time, and that the probable existence of an unknown serious injury did not enter into consideration." The other case cited by plaintiff—K. C. Motor Co. v. Miller, supra —involved a release for property damage only and where both parties believed plaintiff suffered no personal injuries. The plaintiff had not consulted a doctor prior to signing the release. Neither of the cited cases are in point with our case here.

The plaintiff was well aware of his back or neck injury when he signed the release; as a matter of fact, because of the nature of the problem he was the person who would be most aware of it. What he was not aware of was the future possibilities of his injury—and neither was the insurance adjuster. Consequently, the adjuster asked the plaintiff to call the latter's doctor and inquire of the future possibilities. That telephone conversation occurred outside the presence of the adjuster and was of an entirely confidential nature. When it was concluded, the plaintiff advised the adjuster that he would settle for the stipulated amount of $500.00.

■ In Davis v. Higgins (1923), 95 Okl. 32, 217 P. 193, we said:

"A release may be set aside for mutual mistake; but in such case there must be mutual mistake of a past or present fact material to the agreement, and must not be a mistake in prophecy, opinion, or in belief relative to an uncertain event such as probable developments from and permanency of a known injury."

■ In St. Louis & S. F. R. Co. v. Chester (1914), 41 Okl. 369, 138 P. 150, this court pointed out that while it would not hesitate to set aside a release where it could be shown that the release was obtained by fraud or misrepresentations on the part of the defendant which misled the injured party into signing the instrument, the evidence should be clear and convincing. The court remarked that, "It is the

policy of the law to encourage the settlement and compromise of controversies as a discouragement to litigation," and, "A written contract cannot be avoided on slight or frivolous grounds." To the same general effect see Midland Valley R. Co. v. Clark (1920), 78 Okl. 121, 189 P. 184, wherein this court said in part in paragraph one of the Syllabus:

"* * * The burden is always upon the assailant of the contract to establish the vice which he alleges induced him, and a bare preponderance of evidence will not sustain the burden. A written agreement of settlement and release will not be rescinded for fraud or mistake, unless the evidence of the fraud or mistake is clear and convincing."

See also 45 Am.Jur. "Release" § 48.

We have carefully examined the record before us and we conclude therefrom that he trial court did not err in sustaining the defendants' Motion for Summary Judgment and dismissing the plaintiff's action. The order is affirmed.

All the Justices concur.