**Alvin POWELL and Marjorie Powell, Plaintiffs-Appellants,**

v.

**SINCLAIR OIL CORPORATION, a Corporation, and Atlantic Richfield Company, a Corporation, Defendants-Appellees.**

No. 339-70.

United States Court of Appeals, Tenth Circuit.

March 8, 1971.

Albert H. Manus, Jr., Tulsa, Okl., for plaintiffs-appellants.

Joseph A. Sharp, Tulsa, Okl. (Joseph M. Best, Best, Sharp, Thomas & Glass, Tulsa, Okl., on the brief) for defendants-appellees.

Before LEWIS, Chief Judge, and BREITENSTEIN and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

Alvin and Marjorie Powell, husband and wife, made claim against Sinclair Oil Corporation and its corporate successor, the Atlantic Richfield Company, alleging that they had each suffered damages as a result of the negligent and careless operation of a motor vehicle by an employee of the named defendants acting within the course and scope of his employment. Alvin's claim concerned personal injuries sustained by him in the accident. Marjorie's claim was for the loss of the society, companionship and consortium of her husband.

By way of an amendment to their answer the defendants moved to dismiss the complaint on the ground that the claim was barred by the Oklahoma two-year statute of limitations. Okl.Stat. Ann., tit. 12, § 95 (1960). In a reply to the motion to dismiss the Powells conceded that the accident out of which their claims arose did occur more than two years prior to the filing of their action, but affirmatively alleged that the running of the statute was tolled by reason of the mutual mistake of the parties or by reason of fraud and inequitable conduct on the part of the defendants and their agents which estopped them from raising the statute of limitations.

Depositions were taken from each of the plaintiffs, as well as from an attorney who had previously represented Alvin Powell in the matter, and these depositions are a part of the record now before us. The trial court upon hearing granted the defendants' motion to dismiss and entered judgment dismissing the entire action. The Powells now seek reversal of that judgment.

In granting the motion to dismiss the trial court, without elaboration, simply found that there was no mutual mistake and that the defendants were not guilty of any fraud or inequitable conduct which estopped them from asserting the statute of limitations. It is the position of the Powells that the trial court erred in granting the motion to dismiss, and that under the circumstances such action was tantamount to the granting of a motion for summary judgment when the pleadings posed genuine issues of fact which were not resolved by the depositions above referred to. In short, the Powells argue that they have effectively been denied their day in court.

It is agreed by the parties that the Powells are confronted with a two-year statute of limitations which would bar their respective claims unless the running of the statute is in some manner tolled. It is further conceded that mutual mistake could under certain circumstances toll the running of the statute, as would fraud or other inequitable conduct on the part of the defendants or their agents, if such misconduct had somehow in fact lulled the Powells into a false feeling of security which resulted

in their failure to institute their action within the two-year period. It is the position of the defendants, however, that these several grounds for which the statute could possibly be tolled are effectively negated by the aforesaid depositions, particularly that of Alvin Powell. We agree.

Although the trial court based its ruling solely and exclusively on the two-year statute of limitations, some reference should be made to a certain release signed by Alvin Powell about eighteen months after the accident wherein he released all claims against the defendants and received in return the sum of $2,500. The execution of the release was pleaded by the Powells in their complaint and they sought to avoid the effect thereof by alleging mutual mistake or fraudulent conduct on the part of the defendants, the same grounds relied on by the Powells for the tolling of the statute of limitations. By answer the defendants alleged that the aforesaid release constituted a discharge and full satisfaction of Alvin's claims and that in executing the release Alvin Powell relied on his own judgment and that of his retained counsel and that there was neither a mutual mistake between the parties nor fraudulent conduct by the defendants.

In our view of the matter the trial court under the circumstances acted quite properly in granting the defendants' motion to dismiss and in dismissing the plaintiffs' claims for relief. Reference to the depositions, particularly that of Alvin Powell, will demonstrate that there was no genuine issue of any material fact as concerns the issues of mutual mistake of fact or misconduct on the part of the defendants which caused the Powells to not file their complaint till some three years after the date when their cause of action accrued.

In his deposition Alvin Powell stated that he stopped the vehicle which he was driving in the line of traffic and while his vehicle was thus stopped it was struck in the rear end by a vehicle driven by defendants' employee. Alvin went on to state that he was "shook up pretty bad" in the collision and that his "back and neck were hurting when [he] got out of the car."

The next day Alvin, complaining about his neck and back, went to see a doctor of his own choosing who thereafter continued to treat him for a period of several months. When this doctor said "he couldn't do me any more good," Alvin next went to see a second doctor of his own choosing. This doctor took X-rays of Alvin's neck and back and, on the basis of such X-rays, the second doctor advised Alvin that he might well have a ruptured or herniated disc and suggested that he go to a specialist. Alvin took this advice and did go to a specialist, where a myelogram was performed, and based on such testing Alvin was informed that there was no evidence of any ruptured disc. Some nine months prior to the time he signed the release, and prior to the time the myelogram was performed, Alvin was examined by a doctor selected by the defendants' insurance carrier, and this doctor found no evidence of a ruptured disc.

Throughout this entire period of time Alvin Powell was represented by counsel of his own choosing. Both Alvin Powell and his attorney in their respective depositions narrated the events leading up to the signing of the release. Certainly the tenor of both depositions is to the effect that in signing the release Alvin Powell, after taking into consideration the advice given him by his doctors and his attorney, acted on his own best judgment of the matter, even though he was still complaining about back and neck pain and was not entirely satisfied with the medical advice which he had previously been given. About one year after he had signed the release, and more than two and one-half years after the accident, Alvin Powell, still experiencing pain, particularly in his back, went to another doctor who performed another myelogram and concluded that there was a ruptured disc. Subsequent surgery verified such to be a fact.

The mutual mistake of fact upon which the Powells rely to toll the running of

the statute of limitations, as well as to avoid the release, is described somewhat as follows: at all times prior to the running of the statute, as well as prior to the signing of the release, all concerned were of the mistaken view that Alvin had not suffered a ruptured disc in the accident; whereas, the fact of the matter was that he had indeed sustained such injury in the accident. Is this such a mutual mistake, if in reality it was a *mutual* mistake, as would toll the running of the statute of limitations? We hold that it is not.

Birch v. Keen, 449 P.2d 700 (Okl.), sheds considerable light on the present controversy. That was a personal injury action wherein the defendant pleaded a general release. The plaintiff sought to avoid the release because of a "mutual mistake of the parties to the instrument concerning the full extent of the plaintiff's injuries." Based on the plaintiff's deposition, the trial court granted the defendant's motion for summary judgment and dismissed the action. In so doing, the Oklahoma Supreme Court, *id.* at 702, observed as follows:

"The plaintiff was well aware of his back or neck injury when he signed the release; as a matter of fact, because of the nature of the problem he was the person who would be most aware of it. What he was not aware of was the future possibilities of his injury—and neither was the insurance adjuster. Consequently, the adjuster asked the plaintiff to call the latter's doctor and inquire of the future possibilities. That telephone conversation occurred outside the presence of the adjuster and was of an entirely confidential nature. When it was concluded, the plaintiff advised the adjuster that he would settle for the stipulated amount of $500.00."

In Birch v. Keen the Oklahoma Supreme Court, *id.*, then went on to approve the following:

" 'A release may be set aside for mutual mistake; but in such case there must be mutual mistake of a past or present fact material to the agreement, and must not be a mistake in prophecy, opinion, or in belief relative to an uncertain event such as probable developments from and permanency of a known injury.' "

We conclude that the instant case falls well within the ambit of Birch v. Keen. As in that case, Alvin Powell was himself the person most aware of his neck and back injury, Powell stating in his deposition that he was in fact painfully aware of such at the very moment he stepped from his vehicle immediately after the accident, and that such pain persisted to the time he signed the release and for many months thereafter. This then is an instance of a "mistake in prophecy, opinion, or in belief relative to an uncertain event such as probable developments from and permanency of a known injury," which according to *Birch* is not such a mistake of fact as would avoid a general release. And such being the case, it most certainly could not toll the running of the statute of limitations.

Concerning the allegations that the defendants were guilty of fraudulent representations and conduct, certainly Alvin Powell's deposition, as well as that of his wife, *negates the suggestion that the* Powells failed to bring this action within two years after such accrued because of fraud or misrepresentations on the part of the defendants or their agents which somehow lulled the Powells into a false sense of believing that they need not bring their action within the two-year period prescribed by the statute. No doubt Alvin Powell did not institute his action within the two years provided by the statute of limitations because within the two-year period he signed a general release and during the entire two years, though aware of his back injury, he was unaware of its future possibilities. And, as indicated, such would not toll the running of the statute.

As concerns Marjorie's claim, we recognize that she was not a party to the release. Just why she delayed filing her cause of action is not precisely known. But from the depositions we do know that

her delay in filing was not attributable to any mutual mistake of fact or to any misconduct of the defendants. The trial court was correct in its determination that the two-year statute of limitations bars the claims of both Alvin and Marjorie.

Judgment affirmed.