**Rex A. SMITH, Appellant,**

v.

**CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, a corporation, Appellee.**

**No. 45883.**

Court of Appeals of Oklahoma, Division No. 1.

Dec. 4, 1973.
Rehearing Denied Jan. 8, 1974.
Certiorari Denied March 26, 1974.

Released for Publication by Order of the Court of Appeals, Sept. 12, 1974.

Stipe, Gossett & Stipe, McAlester, James E. Driscoll, Seminole, for appellant.

Donald R. Wilson of Benefield, Shelton & Johnson, Oklahoma City, for appellee.

BAILEY, Presiding Judge:

The plaintiff brought this action for personal injuries sustained by him on February 20, 1969, arising out of an industrial accident under the Federal Employers' Liability Act. Plaintiff, as defendant's employee, was riding in the caboose of a train which stopped unexpectedly. He was thrown from his seat into the window frame and suffered a deep cut on his forehead requiring a number of stitches. The defendant interposed the defense of settlement and release of the plaintiff's claim. The plaintiff filed a reply setting up that the purported release had been executed under a mutual mistake of fact and upon constructive fraud and that it was not binding upon him.

Thereafter, plaintiff's deposition was taken and in addition thereto, depositions of Jerold D. Kethley, M.D., and A. C. Lisle, Jr., M.D.

The defendant filed a motion for summary judgment. Upon hearing, these depositions were introduced into evidence, as well as a copy of a letter from Rex A. Smith to W. H. Pumphrey, claim agent for defendant, a deposition of Rex A. Smith, a statement of plaintiff given November 18, 1969, the medical report of Charles P. Bondurant, Jr., M.D., to Tom Lamar Johnson, M.D., dated March 15, 1969, and the medical report of A. C. Lisle, M.D. to Dr. J. M. L. Jensen, Chief Medical Officer of the Rock Island Railroad, dated June 27, 1969. Upon consideration of the matter, the trial court wrote a memorandum decision which sustained the motion for summary judgment, thereafter overruled plaintiff's motion for a new trial, and this appeal was perfected.

The trial court in part relied upon Oklahoma law in its memorandum decision, as to the appropriate burden of proof to avoid a release and as to when a summary judgment should be granted. What law should govern as to the standard of proof required to invalidate a release in an F.E.L.A. case tried in a state court, federal law or state law? Should the state court de-

termine the sufficiency of the evidence by its own or a federal standard?

 At an earlier time it was thought that the litigant who chose the state court had to accept the usual state procedure and could only insist upon the application of federal law for the determination of his substantive rights. This is not true today. Today any procedural rule which imposes a more onerous burden upon the F.E.L.A. plaintiff than is ordinary in the federal courts cannot be applied. C. Wright, Federal Courts § 45 at 173 (2d ed. 1970). In Dice v. Akron, Canton & Youngstown R. R., 342 U.S. 359, 72 S.Ct. 312, 96 L.Ed. 398 (1952), the Supreme Court of the United States reviewed a case in which the issue was, as here, the procedural incidents of a state trial of an F.E.L.A. claim on the question of the validity of a release. The Court said:

> "*First*. We agree . . . and hold that validity of releases under the Federal Employers' Liability Act raises a federal question to be determined by federal rather than state law. Congress in § 1 of the Act granted petitioner a right to recover against his employer for damages negligently inflicted. State laws are not controlling in determining what the incidents of this federal right shall be. . . . Manifestly the federal rights affording relief to injured railroad employees under a federally declared standard could be defeated if states were permitted to have the the final say as to what defenses could and could not be properly interposed to suits under the Act. Moreover, only if federal law controls can the federal Act be given that uniform application throughout the country essential to effectuate its purposes. . . . Releases and other devices designed to liquidate or defeat injured employees' claims play an important part in the federal Act's administration. . . . Their validity is but one of the many interrelated questions that must constantly be determined in these cases according to a uniform federal law." 342 U.S. at 361, 72 S.Ct. at 314.

Therefore Oklahoma law to the effect that a written agreement of settlement and release will not be rescinded for fraud or mistake unless the evidence of the fraud or mistake is clear and convincing cannot be followed in an F.E.L.A. case but the burden on the plaintiff is the ordinary one of proof by a preponderance of the evidence. Purvis v. Pennsylvania R. Co., 198 F.2d 631 (3d Cir. 1952); 66 Am.Jur.2d Release § 60 at 745 (1973). See Birch v. Keen, 449 P.2d 700 (Okl.1969) (not an F.E.L.A. case); Midland Valley R.R. v. Clark, 78 Okl. 121, 189 P. 184 (1920) (an F.E.L.A. case long antedating the Dice Decision above). We conclude that the trial judge should not have relied upon the Oklahoma case of Birch v. Keen, supra, in his memorandum decision in reaching his determination that there was no genuine issue of fact.

 However we agree with the trial judge that there is no distinction of significance between the standard of insufficiency of the evidence to justify the granting of a directed verdict or summary judgment in Oklahoma in any case and in F.E.L.A. cases in a federal court (though the standard may be more exacting in federal court in non-F.E.L.A. cases) and therefore we will follow, as he did, this common standard in this case: Disregarding evidence unfavorable to the plaintiff, was there any evidence making an issue of fact for the jury as to whether the release given by the plaintiff was based upon a mutual mistake as to the severity of his injuries at the time? (For an ordinary negligence action adopting this standard in Oklahoma, see Nye v. Cox, 440 P.2d 683 (Okl.1968). Also see Amended District Court Rule 13, #44 O.B.A.J. at 2505 (August 2, 1973). Compare Federal Rule 56(c) and the standard as to sufficiency of the evidence in F.E.L.A. cases to survive a defendant's motion for directed verdict set out in Wilkerson v. McCarthy, 336 U.S. 53, 69 S. Ct. 413, 93 L.Ed. 497 (1949) which seem to be the same as the ordinary standard in directed verdict or summary judgment cases in Oklahoma.)

Summarizing the evidence submitted on the motion for summary judgment in its most favorable light to the plaintiff, it appears that his early·symptom of double vision resulting from the blow to his head in the accident, dissipated, perhaps eliminated by correction of his glasses, and at the time of the settlement and release, the claims agent (based upon the reports of the doctors to him) and also the plaintiff were aware that the plaintiff still felt pressure in the left side of his head and had headaches but that examination by X-ray and otherwise of his cranium revealed no physical cause therefor and no residual permanent or serious injury to his head except the scar on his forehead where the cut had occurred. At the time of the release, neither the claims agent nor the plaintiff nor any examining doctor had any knowledge of the herniated disc in his neck. Even though the plaintiff was aware that his neck had been jammed, the resulting symptoms centered largely about his head and caused medical attention and examination to be concentrated on that area rather than on his neck. Though there is some conflict in the evidence the plaintiff testified that he did not know anything was wrong with his neck until after the settlement when the ruptured disc was discovered.

■■ It seems to us that the statements of the doctors submitted to the claims agent induced in him and in the plaintiff the belief that while plaintiff still had some symptoms, there was no physical basis for them and that his injuries were not serious or permanent. As the trial judge phrased it in his Memorandum Decision:

"It now appears that the injuries are more severe than either of the parties contemplated, or had a right to expect, on the basis of medical reports."

This evidence was enough to present a question of mutual mistake for the jury. In Graham v. Atchison, T. & S.F. R.R., 176 F.2d 819 (9th Cir. 1949) statements of a physician as to the plaintiff's condition which caused him to underestimate the seriousness and extent of his injuries were held to present a question of fact for the jury as to mutual mistake vitiating a release. That case is applicable here. We also think that it was error for the trial judge to conclude as a matter of law that statements of the plaintiff's condition by the physicians in their reports were mere opinions or prophecies as to probable developments from and permanency of a known injury. These statements might also be construed as statements of present facts as to the limited extent of the plaintiff's injuries and as the basis for a mistaken belief as to the scope of such injuries. Graham v. Atchison, T. & S.F. R.R., supra. See Tulsa City Lines v. Mains, 107 F.2d 377 (10th Cir. 1939).

It was error to grant the summary judgment which is reversed for further proceedings consistent herewith.

Reversed and remanded.

BOX and ROMANG, JJ., concur.