Dandrage HOLMES, Sr., Appellant,

v.

**MISSOURI–KANSAS–TEXAS RAILROAD COMPANY, a corporation, Appellee.**

No. 50356.

Supreme Court of Oklahoma.

Jan. 24, 1978.

Edwin W. Ash, Ash & Shamas, Okmulgee, for appellant.

G. Michael Lewis, Doerner, Stuart, Saunders, Daniel & Langenkamp, Tulsa, for appellee.

IRWIN, Justice.

The sole issue on appeal concerns correctness of the trial court's action in sustaining appellee's Motion for Summary Judgment. Appellee's motion was predicated upon the asserted lack of any controversy as to a material fact which would demonstrate grounds for setting aside a previously executed release and satisfaction of appellant's claim.

Appellant, hereafter plaintiff, sued defendant railroad under Federal Employers' Liability Act, 45 U.S.C., sec. 51, as amended, to recover damages for personal injuries. The petition alleged injury to plaintiff's left wrist on February 3, 1975, during employment as a section hand; and occurrence of injury as a direct and proximate result of enumerated careless, negligent and unlawful acts and omissions of defendant.

Defendant answered denying injury resulted from negligence, or any unlawful acts or omissions. Defendant affirmatively alleged plaintiff executed a release of all claims for valuable consideration; and plaintiff was estopped from recovery by virtue of the release and satisfaction.

Plaintiff replied admitting execution of release, but alleged six grounds for avoidance, only one of which is preserved as grounds for reversal on appeal. Plaintiff contends the pleadings and evidence in the record form a question of fact as to whether the release was given by reason of a mutual mistake of fact. After the case was at issue and depositions of plaintiff and defendant's claims representative were taken, defendant filed its motion for summary judgment. 12 O.S.1973 Supp., Ch. 2, App., Rules for District Court, 13. Plaintiff's response alleged mutual mistake of fact as grounds for rescission of the release. Both parties tendered supporting briefs. When the case was ready for trial, the trial court sustained defendant's motion.

Principles which control disposition of a cause under Rule 13 are stated in *French v. Sotheby & Co.*, Okl., 470 P.2d 318 (1970), syllabus 2.

"Rules for the District Courts, rule 13, 12 O.S.Ann.C. 2 Appendix, permit rendition of a summary judgment if it appears that there is no substantial controversy as to any material fact and that any party is entitled to judgment as a matter of law, but there can be no trial of fact issues since the function of a motion for summary judgment is to determine whether there are any genuine issues as to material facts."

The positions assumed on appeal are predicated upon the individual interpretations of the evidence concerning the injury, treatment, and eventual execution of the questioned release. Plaintiff insists this evidence fairly discloses controverted facts sufficient to require jury determination of whether the release was executed under mutual mistake concerning the nature and extent of plaintiff's injury. Defendant insists the only mistake alleged concerned recovery for a known injury, rather than an existing undiscovered injury when the release was executed. Defendant argues that any mistake of the parties simply concerned a future event, i. e., future recovery from a known injury.

As a general rule, releases may be set aside for mutual mistake of material fact. However, this Court has consistently held that the mutual mistake must be as to

a "past or present fact, material to the agreement, and must not be a mistake in prophecy, opinion, or in belief relative to an uncertain event such as probable developments from and permanency of a known injury." *Davis v. Higgins*, 95 Okl. 32, 217 P. 193 (1923); *Birch v. Keen*, Okl., 449 P.2d 700 (1969). After promulgation of the *Davis* opinion, supra, this Court further explained the foregoing general rule, when it stated in *St. Louis-San Francisco Ry. Co. v. Cauthen*, 112 Okl. 256, 241 P. 188 (1925):

"A mutual mistake of fact should justify the recission of a release executed under the belief that injuries are trivial and temporary, when as a matter of fact they are serious and permanent in their nature, where it appears that the purpose of the release was to compensate for apparent injuries, known injuries, and that serious or permanent injuries were not contemplated by the parties at the time of the execution of the agreement or release, although in its terms the agreement or release is broad enough to cover all injuries, resulting from the particular incident."

The facts of the *Cauthen* decision are fairly close to those of the case at bar. There plaintiff received a fracture of the acetabulum while working as a brakeman. Plaintiff received medical treatment at the expense of the defendant and after release by the doctors with assurances he was fully recovered, settled his claim with the railway. Several months later it was discovered plaintiff had an injury related degenerative condition of the hip. We held, under the facts of that case, since all parties believed plaintiff had fully recovered while he had not but had sustained a permanent disabling injury, any release entered into premised upon the factum of recovery was predicated on a mutual mistake of fact. ▮ Although distinguished on several occasions where the facts were materially different, the *Cauthen* decision has never been overruled expressly or impliedly. The question therefore arises in the context of the case at bar, whether the parties at the time of the execution of the release jointly labored under a mistake of fact as to the true nature and extent of plaintiff's injury. We think a factual issue as to the foregoing question is framed by the pleadings, deposition and other evidentiary materials, such as would warrant submission of the issue to the trier of fact for determination.

The original treating physician, Dr. D., diagnosed the potential complicating factor of the ganglion cyst on plaintiff's wrist and memorialized that fact in several letters, none of which were specifically addressed to defendant or its claims representative. The deposition of defendant's claims agent and that of the plaintiff show the negotiations between them were conducted upon plaintiff's knowledge of his condition as reported to him by Dr. D. Plaintiff testified Dr. D. informed him prior to signing the release that he was released to return to work. Defendant's claims agent testified as far as he knew plaintiff's wrist was healed and the treating physician had released him for work. In this state of mind, a settlement was negotiated which almost exclusively represented plaintiff's wages for time lost from employment. There is evidence tending to establish neither man contemplated at the time that plaintiff had suffered a permanent and disabling injury.

The truth of the foregoing events, particularly as to the state of mind of each of the individuals involved, is most properly the province of the jury. The evidence does frame a question as to a material fact and defendant was not, therefore, properly entitled to summary judgment.

JUDGMENT OF THE TRIAL COURT REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

HODGES, C. J., LAVENDER, V. C. J., and WILLIAMS, BARNES, SIMMS and DOOLIN, JJ., concur.

BERRY, J., dissents.