**Charles Frederick FISHER and Billie Jean Fisher, Plaintiffs–Appellants,**

v.

**OWENS–CORNING FIBERGLASS COR-PORATION, Fibreboard Corporation, Eagle–Picher Industries, Inc., Pittsburgh–Corning Corporation, Celotex Corporation, GAF Corporation, Nicolet Industries, Inc., Keene Corporation, and Owens–Illinois Corporation, Inc., Defendants–Appellees.**

No. 87–1801.

United States Court of Appeals, Tenth Circuit.

Feb. 27, 1989.

Mark H. Iola, of Ungerman, Conner & Little, Tulsa, Okl., for plaintiffs-appellants.

Mort Welch (Noma D. Gurich and Murray E. Abowitz with him on the brief), of Abowitz & Welch, Oklahoma City, Okl., for defendants-appellees.

Before HOLLOWAY, Chief Judge, SEYMOUR, Circuit Judge, and BROWN *, Senior District Judge.

WESLEY E. BROWN, Senior District Judge.

This is an appeal from an order granting the defendants' motion to dismiss. The motion was granted on the grounds that a release signed by the plaintiff barred the plaintiff's claim. The district court, applying Oklahoma law, rejected plaintiff's argument that the release should be set aside due to a mutual mistake of fact. We affirm.

As an initial matter, plaintiff-appellant argues that it was improper for the district court to dismiss the claim under Rule 12(b)(6) Fed.R.Civ.P. Although the motion for dismissal was brought under Rule 12(b)(6), it is apparent that the court, as well as the parties, treated the motion as one for summary judgment under Rule 56. The parties were given a reasonable opportunity to present any material pertinent to the motion and the plaintiff submitted affidavits in support of his position. Appellant does not contend that the notice or time allowed by the magistrate on the hearing of the motion was inadequate by Rule 56 standards. We therefore review the district court's order as one granting a request for summary judgment. *See Prospero Associates v. Burroughs Corporation*, 714 F.2d 1022 (10th Cir.1983).

In 1985, plaintiff-appellant and his wife sued the defendants, alleging that he had been injured as a result of his exposure to asbestos. In his first complaint, which we will refer to as the "1985 complaint," plaintiff alleged that he suffered from "asbestosis, cancer, broncogenic carcinoma, and possibly malignant mesothelioma, which was solely caused by his exposure to and the use of asbestos...." (Plaintiff's com-

---

* The Honorable Wesley E. Brown, United States Senior District Judge for the District of Kansas, sitting by designation.

plaint, Case No. 85–C–379–C). Following negotiations, the parties reached a settlement. In exchange for a payment of $60,000.00, the plaintiffs and their counsel signed a document entitled "Full And Complete Release Of All Claims." The release provided in part that the defendants were relieved of all liability arising:

> [F]rom any and all actions, claims, demands and suits whatsoever which we now have, known or unknown, developed or undeveloped, growing out of the physical harm or death allegedly due to Charles Frederick Fisher's exposure to insulation products containing asbestos manufactured and/or distributed by said company. Such claims are those asserted in the United States District Court for the Northern District of Oklahoma, Case No. 85–C–379–C filed by these Plaintiffs and against these Defendants.

The release further provided:

> [W]e are relying solely upon our independent judgment as supplemented by the advise of legal counsel and warrant that the above mentioned sum is received in full and complete settlement and satisfaction of all claims and demands whatsoever.

The release was signed on June 10, 1986. The parties then stipulated to an order of dismissal with prejudice of the 1985 complaint.

On June 30, 1986, plaintiff Charles Fisher was diagnosed as having malignant mesothelioma. Shortly thereafter, plaintiffs filed a second complaint against the same defendants in U.S. District Court. In this "1986 complaint," plaintiff alleged that he suffered from "peritoneal malignant mesothelioma and pleural mesothelioma which was solely caused by his exposure to and use of asbestos. . . ." (Plaintiff's complaint, Case No. 86–C–735–E).

The defendants moved for dismissal of the 1986 complaint, contending that the claims contained therein were barred by the prior release and the prior order of dismissal. The plaintiff argued that the release was based on a mutual mistake of fact and should be set aside. Plaintiff contended that the parties were unaware that plaintiff had mesothelioma and that the release was intended to apply only to a claim for asbestosis. Plaintiff did not seek relief from the agreed upon dismissal with prejudice of his 1985 complaint. Rather, he argued that the 1986 cause of action was separate and distinct from the 1985 cause of action. The district court found as a matter of law that the release barred the 1986 action and dismissed plaintiff's complaint.

We believe the district court correctly dismissed the plaintiff's claim. By signing the release and dismissing the 1985 complaint with prejudice, the plaintiff surrendered any cause of action he had against the defendants for mesothelioma caused by exposure to asbestos. This conclusion is inescapable from the language of the release. In addition to stating that the plaintiff releases "any and all actions, claims, demands and suits whatsoever which we now have or may have, known or unknown, developed or undeveloped," the release defines such claims as "those asserted in . . . Case No. 85–C–379–C. . . ." In Case No. 85–C–379–C, plaintiff clearly asserted claims for asbestosis, cancer, broncogenic cancer, and possibly mesothelioma. The plain and specific language chosen by the parties shows that the plaintiff released the very claim he now seeks to assert.

Plaintiff's argument that the release was based on a mutual mistake of fact is unavailing. Under Oklahoma law, a release is a contract and, if it is unambiguous, is to be interpreted as a matter of law. *Corbett v. Combined Communications Corp.*, 654 P.2d 616 (Okl.1982). Under certain limited circumstances, however, a mutual mistake of fact may justify setting aside a release:

> A mutual mistake of fact should justify the recission of a release executed under the belief that injuries are trivial and temporary, when as a matter of fact they are serious and permanent in their nature, where it appears that the purpose of the release was to compensate for apparent injuries, known injuries, and that serious or permanent injuries were not contemplated by the parties at the time of the execution of the agreement

or release, although in its terms the agreement or release is broad enough to cover all injuries, resulting from the particular incident.

*Holmes v. Missouri–Kansas–Texas Railroad,* 574 P.2d 297, 299 (Okl.1978) (citing *St. Louis–San Francisco Railway Company v. Cauthen,* 112 Okl. 256, 241 P. 188 (1925)).

The decisions that plaintiff relies upon are factually distinguishable from the instant case. In *Cauthen,* for example, the plaintiff was assured by the defendant's physician that his injuries were minor and temporary and that he would fully recover. 241 P. at 292. In virtually every Oklahoma case setting aside a release, neither the injured plaintiff nor the defendant had any reason to suspect that the injuries were anything other than minor or temporary. *See e.g., Pickering Lumber Company v. Campbell,* 147 Okl. 158, 295 P. 596 (1931) (plaintiff was advised by a physician that his injury was trivial); *Smith v. Chicago, Rock Island & Pacific Railroad,* 525 P.2d 1404 (Okl.App.1973) (statements of physicians led both plaintiff and defendant to believe that plaintiff's injuries were not serious or permanent); *Tulsa City Lines, Inc. v. Mains,* 107 F.2d 377 (10th Cir.1939) (defendant's doctor told plaintiff that her injuries were not serious). In each of these cases, the type of harm suffered by the plaintiff was an unforseeable result of the incident giving rise to the injury.

By contrast, the plaintiff in the present case was undeniably aware that he had a possible claim for mesothelioma against the defendants. Plaintiff cannot deny this fact because his 1985 complaint alleged that he suffered from asbestosis, cancer, and possibly mesothelioma. This is clearly not a case where the parties believed the injuries were "trivial and temporary." The plaintiff's awareness of the possible serious consequences of his exposure to asbestos (i.e., that he might develop mesothelioma) takes this case outside of the rule applied in *Cauthen* and *Holmes v. Missouri–Kansas–Texas Railroad Co.,* 574 P.2d 297 (Okl. 1978). *See Cauthen,* 241 P. at 194 (distinguishing *Davis v. Higgins,* 95 Okl. 32, 217 P. 193 (1923) in part because the plaintiff in that case was in possession of facts sufficient to put him on notice as to the extent of his injury); *see also Powell v. Sinclair Oil Corporation,* 439 F.2d 114 (10th Cir. 1971) (plaintiff's mistaken belief as to the probable developments from and permanence of a known injury will not avoid a release). Furthermore, the release in the present case was entered as part of a settlement of the plaintiff's lawsuit. The agreement specifically provided for the release of all claims in the 1985 suit—which included claims for cancer and the possibility of mesothelioma. The purpose of this release, as shown by its terms, was not merely to compensate for apparent injuries (Cf. *Holmes, supra*) but was to settle all legal claims that might arise out of the plaintiff's exposure to asbestos.

The clear, specific language used in the release, when combined with the plaintiff's knowledge of the possible consequences of his exposure to asbestos, simply precludes an argument that the parties did not recognize that plaintiff might have had a possible claim for mesothelioma when he signed the release. *Cf. Kay Pharmacal Company v. Dalious Construction Company,* 276 P.2d 756 (Okl.1954) (If there was any doubt of the existence of other rights, or causes of action, plaintiff should have refrained from executing the release, or should have had it modified to cover only known claims). Any other conclusion would make it impossible to settle a claim without a trial on the merits. The policy of the law, in Oklahoma, however, is to encourage the settlement and compromise of controversies without litigation. *Birch v. Keen,* 449 P.2d 700 (Okl.1969). *See also Kay Pharmacal, supra,* (One seeking a settlement and release has a right to buy peace from all future contention on existing claims of every character).

The judgement of the district court is AFFIRMED.