**NOT FOR PUBLICATION**

FILED

JUN 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDREW BRADSHAW; TANIF STEPHENSON; ADAM CORRIVEAU; JESELL GONZALES, on behalf of themselves and similarly situated individuals, | No. 14-16252 <br><br> D.C. No. 4:12-cv-06376-JSW |
| Plaintiffs - Appellants, | |
| v. | MEMORANDUM* |
| SLM CORPORATION, a Delaware corporation; SALLIE MAE, INC., a Delaware corporation, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted May 13, 2016*
San Francisco, California

Before: KLEINFELD, IKUTA, and WATFORD, Circuit Judges.

---

    * This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appellants appeal the district court's dismissal of their claims against SLM Corporation and Sallie Mae, Inc. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.      Appellants failed to state a claim for aiding and abetting fraud against defendants. See Gordon v. Virtumundo, Inc., 575 F.3d 1040, 1047 (9th Cir. 2009) ("We . . . may affirm on any basis supported by the record."). To plead a claim sounding in fraud, Appellants "must state with particularity the circumstances constituting fraud or mistake," and they must plead enough facts so that a court may draw the "reasonable inference that the defendant is liable for the misconduct alleged." Fed. R. Civ. P. 9(b); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

In order to plead a claim for aiding and abetting fraud, Appellants must plead facts that make it plausible that defendants either "(a) [knew] the other's conduct constitute[d] a breach of duty and [gave] substantial assistance or encouragement to the other to so act or (b) [gave] substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitute[d] a breach of duty to the third person.'" Casey v. U.S.

Bank Nat'l Ass'n, 26 Cal. Rptr. 3d 401, 405 (Ct. App. 2005) (citations omitted).

Appellants failed to plead the first prong of this claim, as they failed to plead sufficient facts to permit a "reasonable inference" that SLM knew of the "specific wrongful act[s]" of fraud by the California Culinary Academy (CCA) at the relevant time. See Iqbal, 556 U.S. at 678; see also Casey, 26 Cal. Rptr. 3d at 407, 411 (holding that the complaint "must allege the defendant's actual knowledge" of the specific act of fraud to adequately plead aiding and abetting fraud). General allegations that SLM knew that CCA engaged "in a criminal and wrongful enterprise" are "too generic to satisfy the requirements of actual knowledge of a specific primary violation" under California law, nor do conclusory allegations of "actual knowledge" suffice. Casey, 26 Cal. Rptr. 3d. at 412.[1] Appellants also failed to plead the second prong of their "aiding and abetting fraud" claim, since, for reasons explained below, they cannot establish that SLM owed Appellants a duty of care.

---

[1] The complaint does indeed say that "SLM worked hand-in-glove with CCA" in providing loans to CCA students, as the dissent points out. This is not a "plausible basis" rising to the specificity needed for a fraudulent complaint. The phrase "hand-in-glove" is a metaphor with no specific meeting. Though Appellants alleged that CCA's recruiting material was available to SLM, the allegations do not plead with specificity that SLM knew CCA's materials were fraudulent. California law requires a court to "carefully scrutinize" whether a plaintiff has alleged "actual knowledge of a specific primary violation." Casey, 26 Cal. Rptr. 3d at 406, 412 (emphasis added) (citation omitted).

3

2.     The district court properly dismissed Appellants' claims for negligence, fraudulent concealment, and violation of California Bus. Prof. Code § 17200. See Buller v. Sutter Health, 74 Cal. Rptr. 3d 47, 51–52 (Ct. App. 2008); Lovejoy v. AT&T Corp., 1111 Cal. Rptr. 2d 711, 719 (Ct. App. 2001). The district court correctly found that SLM owed no duty of care to Appellants with respect to these claims. Nymark v. Heart Fed. Sav. & Loan Ass'n, 283 Cal. Rptr. 53, 56 (Ct. App. 1991) ("[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money.").

Though a limited exception to this rule exists where the lender exercises "extensive control" and gets shared profits from the underlying scheme for which the loan is used, see Connor v. Great W. Sav. & Loan Ass'n, 447 P.2d 609, 616 (Cal. 1968), Appellants did not plead any facts showing that Sallie Mae exercised control over CCA's business, or shared profits from the success of CCA's business. Because SLM acted only as a lender, SLM had no duty "to disclose its knowledge that the borrower's intended use of the loan proceeds represent[ed] an unsafe investment." Nymark, 283 Cal. Rptr. at 57.

3.    Appellants cite no law to support their position that the district court erred in dismissing their claim under Title 15, Section 753 of the Oklahoma Statutes, so we affirm the dismissal of this claim.  See Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929 (9th Cir. 2003).

4.    The district court correctly dismissed Appellants' claim for rescission of the loans.  To rescind a contract based on a mistake of fact, the mistake must be of a "fact past or present."  Okla. Stat. tit. 15, § 63.  Appellants pleaded a mistake "in prophecy, opinion, or in belief" concerning their ability to repay the loans, but not a mistake of fact going to the essence of the contract.  Holmes v. Mo.-Kan.-Tex. R. R. Co., 574 P.2d 297, 299 (Okla. 1978).

**AFFIRMED.**

*Bradshaw v. SLM Corp.*,  No. 14-16252

IKUTA, Circuit Judge, dissenting in part:

The majority holds that Bradshaw's complaint failed to state a claim that SLM aided and abetted CCA's fraud.  I disagree.

Under California law, all Bradshaw had to allege is that SLM had actual knowledge of CCA's fraudulent conduct and substantially assisted CCA's wrongdoing.  *Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1145 (2005).  There's no doubt that Bradshaw's complaint does so.  First, it states that SLM knew that CCA was making fraudulent sales pitches to students in order to induce them to enroll.  This is not a mere conclusory allegation because the complaint provides a plausible basis for SLM's knowledge:  SLM worked hand-in-glove with CCA in providing loans to CCA's students, SLM's employees and agents regularly visited the CCA campus and regularly interacted with CCA staff, and CCA's recruiting materials were available in published form.  At a minimum, these allegations raise a reasonable inference that SLM had actual knowledge of CCA's fraudulent modus operandi in recruiting students.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Because Bradshaw's complaint adequately pleads that SLM knew about CCA's fraud, the only question left is whether the complaint adequately alleges that SLM gave substantial assistance to CCA.  It clearly did so by alleging that

SLM made loans to students that SLM knew had been deceived by CCA's fraudulent recruiting program. *See Casey*, 127 Cal. App. 4th at 1145 ("[C]ommon sense tells us that even 'ordinary business transactions' a bank performs for a customer can satisfy the substantial assistance element of an aiding and abetting claim if the bank actually knew those transactions were assisting the customer in committing a specific tort.").

Bradshaw's complaint does enough to raise a reasonable inference that SLM knew what CCA was up to. Accordingly, I dissent from Part 1 of the majority disposition and would reverse the dismissal of the appellants' aiding and abetting claim.