MEMORANDUM*
Appellants appeal the district court’s dismissal of their claims against SLM Corporation and Sallie Mae, Inc, We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
1. Appellants failed to state a claim for aiding and abetting fraud against defendants. See Gordon v. Virtumundo, Inc., 575 F.3d 1040, 1047 (9th Cir. 2009) (“We ... may affirm on any basis supported by the record.”). To plead a claim sounding in fraud, Appellants “must state with particularity the circumstances constituting fraud or mistake,” and they must plead enough facts so that a court may draw the “reasonable inference that the defendant is liable for the misconduct alleged.” Fed. R. Civ. P. 9(b); Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citation omitted).
In order to plead a claim for aiding and abetting fraud, Appellants must plead facts that make it plausible that defendants either “(a) [knew] the other’s conduct constitute[d] a breach of duty and [gave] substantial assistance or encouragement to the other to so act or (b) [gave] substantial assistance to the other in accomplishing a tortious result and the person’s own conduct, separately considered, constitute[d] a breach of duty to the third person.” Casey v. U.S. Bank Nat’l Ass’n, 127 Cal.App.4th 1138, 26 Cal.Rptr.3d 401, 405 (Ct. App. 2005) (citations omitted). Appellants failed to plead the first prong of this claim, as they failed to plead sufficient facts to permit a “reasonable inference” that SLM knew of the “specific wrongful act[s]” of fraud by the California Culinary Academy (CCA) at the relevant time. See Iqbal, 556 U.S. at 678, 129 S.Ct. 1937; see also Casey, 26 Cal.Rptr.3d at 407, 411 (holding that the complaint “must allege the defendant’s actual knowledge” of the specific act of fraud to adequately plead aiding and abetting fraud). General allegations that SLM knew that CCA engaged “in a criminal and wrongful enterprise” are “too generic to satisfy the requirements of actual knowledge of a specific primary violation” under California law, nor do conclusory allegations of “actual knowledge” suffice. Casey, 26 Cal.Rptr.3d at 412.[1] Appellants also *595 failed to plead the second prong of their “aiding and abetting fraud” claim, since, for reasons explained below, they cannot establish that SLM owed Appellants a duty of care.
2. The district court properly dismissed Appellants’ claims for negligence, fraudulent concealment, and violation of California Bus. Prof. Code § 17200. See Buller v. Sutter Health, 160 Cal.App.4th 981, 74 Cal.Rptr.3d 47, 51-52 (Ct. App. 2008); Lovejoy v. AT&T Corp., 92 Cal.App.4th 85, 111 Cal.Rptr. 2d 711, 719 (Ct. App. 2001). The district court correctly found that SLM owed no duty of care to Appellants with respect to these claims. Nymark v. Heart Fed. Sav. & Loan Ass’n, 231 Cal.App.3d 1089, 283 Cal.Rptr. 53, 56 (Ct. App. 1991) (“[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution’s involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money.”).
Though a limited exception to this rule exists where the lender exercises “extensive control” and gets shared profits from the underlying scheme for which the loan is used, see Connor v. Great W. Sav. & Loan Ass’n, 69 Cal.2d 850, 73 Cal.Rptr. 369, 447 P.2d 609, 616 (Cal. 1968), Appellants did not plead any facts showing that Sallie Mae exercised control over CCA’s business, or shared profits from the success of CCA’s business. Because SLM acted only as a lender, SLM had no duty “to disclose its knowledge that the borrower’s intended use of the loan proceeds represented] an unsafe investment.” Nymark, 283 Cal.Rptr. at 57.
3. Appellants cite no law to support their position that the district court erred in dismissing their claim under Title 15, Section 753 of the Oklahoma Statutes, so we affirm the dismissal of this claim. See Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929 (9th Cir. 2003).
4. The district court correctly dismissed Appellants’ claim for rescission of the loans. To rescind a contract based on a mistake of fact, the mistake must be of a “fact past or present.” Okla. Stat. tit. 15, § 63. Appellants pleaded a mistake “in prophecy, opinion, or in belief’ concerning their ability to repay the loans, but not a mistake of fact going to the essence of the contract. Holmes v. Mo.-Kan.-Tex. R.R. Co., 574 P.2d 297, 299 (Okla. 1978).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. The complaint does indeed say that "SLM worked hand-in-glove with CCA” in providing loans to CCA students, as the dissent points out. This is not a "plausible basis” rising to the specificity needed for a fraudulent’ complaint. The phrase "hand-in-glove” is a metaphor with no specific meeting. Though Appellants alleged that CCA's recruiting material was available to SLM, the allegations do not *595 plead with specificity that SLM knew CCA’s materials were fraudulent. California law requires a court to “carefully scrutinize’’ whether a plaintiff has alleged "actual knowledge of a specific primary violation.” Casey, 26 Cal.Rptr.3d at 406, 412 (emphasis added) (citation omitted).