STATE ex rel. CRANE CO. v. GOERKE, Mayor, et al.

No. 30548.   June 16, 1942.

126 P. 2d 1005.

Pierce, McClelland, Kneeland & Bailey, of Oklahoma City, for plaintiff in error Crane Company.

Ted R. Fisher, City Atty., and H. G. Tolbert, County Atty., both of Watonga, for defendants in error.

DAVISON, J. This is an action in mandamus to compel a tax levy on the property in the city of Watonga to pay one-third of the amount due on a judgment against that city. It was instituted on July 21, 1941, in the district court of Blaine county in the name of the State of Oklahoma by Crane Company, a corporation, as relator. A. E. Goerke, mayor, and other officials of the city of Watonga; the city of Watonga; the members of the excise board of Blaine county; and the county clerk of that county were named as parties defendant.

Crane Company was the judgment creditor. The judgment sought to be enforced was obtained in the district court of Blaine county on January 6, 1930. It was against the then town, now city, of Watonga, and was for the sum of $1,329.26.

In this jurisdiction judgments against a municipality are sinking fund obligations and are paid by three annual sinking fund levies or they may be paid out of the sinking fund and the same reimbursed by three annual levies.

More than eleven years elapsed between the time this judgment was rendered and the institution of this action to compel its payment. The position of the defendants is that delay of more than five years constituted laches and by reason thereof the relator has lost its right to enforce the judgment.

The trial court sustained the position of the defendants and entered its judgment denying the writ. The relator presents the case on appeal asserting error in the ruling of the trial court.

In support of the judgment of the trial court, the defendants rely upon Board of Education of City of Duncan v. Johnston, 189 Okla. 172, 115 P. 2d 132, and Carter v. Collins, 174 Okla. 4, 50 P. 2d 203. Board of Education of City of Duncan v. Johnston, supra, holds that an action in mandamus to compel a tax levy to pay paving bonds was barred by delay upon consideration of the doctrine of laches. Carter v. Collins, supra, holds that the statute of limitations may operate to bar the enforcement of a claim against the state. In neither of the cases relied upon was there any impediment to earlier commencement and prosecution of the action. The creditor was in each case wholly responsible for the delay involved.

Herein the situation is different. In 1933, much less than five years after the judgment had been rendered, the defendants sought to set the judgment aside by filing in the proceeding in which the judgment was rendered a motion to vacate and set the same aside. Neither of the parties to the controversy were diligent in procuring a decision on the motion. It was allowed to "drag along" until October 20, 1939, when, upon hearing, the controversy was decided against the defendant city. An appeal was taken to this court. We affirmed the decision of the trial court. See Town of Watonga v. Crane Co., 189 Okla. 184, 114 P. 2d 941. The mandate of this court was issued on July 8, 1941, and spread of record by order of the trial court on July 21, 1941, the day on which this action was filed.

It is pointed out by the defendants that during the time the motion to vacate the judgment was pending no order of the trial court was procured which purported to stay or suspend the enforcement of the judgment and it is urged that the relator could have instituted a proceeding in mandamus to enforce the judgment at any time. It is probable that if such a proceeding had been attempted, the city itself, in furtherance of its own proceeding and as a complement thereto, would have taken the necessary steps to prevent enforcement of the judgment until its motion to vacate was disposed of. In fact, such an order was made in connection with the appeal taken to this court. In other words, we are here confronted with a case in which the party seeking to take advantage of the delay as the basis of a plea of laches is the party who in a large measure was responsible for the delay.

Laches in legal contemplation is delay that works a disadvantage (Jones v. McNabb, 184 Okla. 9, 84 P. 2d 429); and the application of the doctrine in each case depends upon the facts (Fourth National Bank of Tulsa v. Memorial Park, 181 Okla. 574, 75 P. 2d 887). It thus in all cases involves an element of judicial discretion.

The delay involved, although of sufficient duration, if satisfactorily explained, may be excused. Busse v. Busse, 161 Okla. 159, 17 P. 2d 511. The rule excusing delay upon explanation is stated in 19 Am. Jur. 347, in the following words:

"While the fact that the complainant delayed the institution of suit may, as above stated, preclude the granting of relief, where the complainant's omission sooner to assert his claim is satisfactorily explained, the court may conclude that relief should not be denied. . . ."

Applying the foregoing view to the case at bar, we are of the opinion, and hold, that the pending of the proceeding instituted to vacate the judgment by the defendant city, which by the institution thereof assumed the duty to seasonably prosecute the same, constituted a sufficient explanation of relator's delay in instituting proceedings to enforce the judgment. We observe that relator acted very promptly when that proceeding had finally been disposed of.

Since the delay herein involved is explained in a sufficiently satisfactory manner to excuse it, we need not extend our discussion to the companion element of disadvantage.

It is appropriate to observe, however, that interest on the judgment as a distinct item is not separately attacked, and we express no opinion as to how long interest runs on a judgment against a municipality.

The judgment is reversed, with directions to proceed in a manner not inconsistent with the views herein expressed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, and GIBSON, JJ., concur. HURST and ARNOLD, JJ., absent.