Charles CORBETT, Whose Stage Name
is Eddie Brandon, and His Wife,
Margaret Corbett, Appellants,

v.

COMBINED COMMUNICATIONS COR-
PORATION OF OKLAHOMA, INC., an
Oklahoma corporation, d/b/a Channel
Five Television, Call Numbers KOCO–
TV, Appellee.

No. 56510.

Supreme Court of Oklahoma.

Nov. 16, 1982.

Michael Gassaway, Miskovsky & Gassa-
way, Oklahoma City, for appellants.

Roy J. Davis, Andrews Davis Legg Bix-
ler, Milsten & Murrah, Oklahoma City, and
Kenneth N. McKinney, McKinney, Stringer
& Webster, Oklahoma City, for appellee.

HARGRAVE, Judge.

The appellants, plaintiffs Charles Corbett
and Margaret Corbett, filed this action
alleging the appellee, Combined Communi-
cations Corporation and Tom Poole, con-
spired to ruin the reputation of Charles
Corbett, whose stage name is Eddie Bran-
don. The action was filed in the District

Court of Oklahoma County. The operative allegations of the petition are that the corporate defendant instructed or acquiesced in the actions of Tom Poole designed to defame plaintiffs' reputation in conversations with potential witnesses in a prior action in the same district court: *Eddie Brandon v. Combined Communications Corp.*, an Oklahoma Corporation d/b/a Channel 5 Television, CJ79–3638. This earlier cause alleged that employees of the Defendant unlawfully filmed a search by law enforcement authorities within the seclusion and privacy of a residence while trespassing, defaming plaintiff and portraying him in a false light. This action was the subject of a settlement agreement reached one month prior to trial date, and pursuant thereto, a dismissal with prejudice was filed.

Defendant, Combined Communications answered and filed a motion for summary judgment, affidavits, exhibits and brief. Appellants responded with a brief. After considering the submitted materials the trial court entered summary judgment for the defendant and dismissed the cause. This appeal ensues.

Appellants' first argument states the trial court erred in granting summary judgment because the settlement agreement in the prior action does not bar the current litigation. Paragraph 2 of the settlement agreement reads in part:

"2. Consideration: Defendants do hereby agree to pay plaintiffs the sum of Twenty Thousand and no/100 Dollars, ($20,000) upon the execution of this settlement agreement in full payment of *any and all asserted and unasserted* claims of plaintiffs as set out hereinbelow. Plaintiffs hereby acknowledge receipt and sufficiency of such amount and do hereby release and forever discharge *the defendants,* their *agents, servants and employees* and their attorneys and their *investigators,* agents, servants and employees, of and from all debts, claims, demands, actions, *causes of action,* suits, sums of money, contracts, agreements, judgments and liabilities whatsoever, both in law and equity, *which plaintiffs ever had, now have or which he or she shall* or *may have against defendants arising out of* the arrest of Eddie Brandon on July 5, 1979 at [location] . . ., the broadcasts of July 5, 1979, the broadcast of July 6, 1979, and any other broadcasts in which plaintiffs' name or picture appeared on the air. . . . (Emphasis added.)

This settlement agreement was signed by both Charles Corbett and his wife, Margaret Corbett, and it specifically and certainly releases the defendant television station and its agent, the investigator, from all claims and causes of action whatsoever arising out of the arrest of the plaintiff, Charles Corbett. The plaintiff was aware of the actions complained of in this petition prior to signing of this release, as disclosed by the excerpt of his deposition:

"A. Mr. Williams, the retired major I was telling you about, called and informed me that the private investigator had been to his home and that he was trying to discredit my reputation.

My landlady called and said that a private investigator had been to her office, I think it was, and she asked him to leave because he was trying to discredit my reputation."

■ A release is a contract. If the language of a contract is clear and without ambiguity, the Court is to interpret it as a matter of law. *Van Horn Drug Co. v. Noland,* 323 P.2d 366 (Okl.1958). Similarly, the existence of an ambiguity is a decision to be made by the Court. *Panhandle Cooperative Royalty Co. v. Cunningham,* 495 P.2d 108 (Okl.1971). The acts of the investigator forming the basis of this action occurred in questioning proposed witnesses in the action to recover for broadcasting the arrest of Charles Corbett. We find no basis to reach any conclusion other than those acts arose directly out of the arrest, they were known at the time of the execution of the settlement agreement, and the agreement specifically covers said acts. In the absence of fraud or mistake, an executed agreement of settlement is as conclusive against a party seeking to avoid it as the

final judgment of a court of competent jurisdiction. *Midland Valley Rwy. Co. v. Clark,* 78 Okl. 121, 189 P. 184 (1920). In this cause there is neither an allegation of fraud or mistake, nor evidence in the record to bring them to the fore as issues.

In view of the foregoing discussion, it is apparent the trial court correctly granted defendants' motion for summary judgment and that judgment and the order of dismissal following it are affirmed.

AFFIRMED.

All Justices concur except BARNES, V.C.J., and WILSON, J., who certified their disqualification.