**Lloyd FISCHER and Barbara Fischer, Plaintiffs,**

v.

**ATLANTIC RICHFIELD COMPANY, Defendant.**

**Nos. CIV–87–2032–A, 88–932–A.**

United States District Court, W.D. Oklahoma.

April 18, 1989.

Deborah B. Barnes, Monte E. Johnson, Randal J. Wood, Robert N. Barnes, Patranell B. Dykeman, Jane Good Rowe, Stack & Barnes, Oklahoma City, Okl., for plaintiffs.

Babette Patton, L. Gene Gist, William D. Watts, Kathryn H. Phillips, John J. Breathwit, Roy J. Davis, Andrews Davis Legg Bixler Milsten & Murra, Cleta Deatherage Mitchell, Roy J. Davis, Kathryn H. Phillips, Murrah & Davis, Oklahoma City, Okl., J. Randall Miller, Moyers Martin Santee Imel & Tetrick, Tulsa, Okl., for defendant.

### ORDER

ALLEY, District Judge.

Before the Court in this matter is ARCO's motion for summary judgment. The parties have submitted and the Court has reviewed over 100 pages of briefs on this motion, and many more pages of exhibits. This order will dispose of the issues in the order they are raised in ARCO's motion and initial brief.

(1) *Effect of Releases Given by Cummings and Lloyd Fischer*

ARCO relies on a release from liability for past and future damages contained in a 1963 surface lease for ARCO's South Injection Station. ARCO further relies on some 42 additional releases executed by Cummings or Lloyd Fischer upon ARCO's payment for damages caused by specific leaks or spills of contaminants. Initially, the Court takes notice that plaintiff Barbara Fischer, the present owner of the subject land, has signed none of these releases. Therefore ARCO's defense of payment and release is ineffective as to her.

Under Oklahoma law, a contract which permits or authorizes the violation of law is invalid. 15 O.S. 212 (1910). A release is simply a contract. Plaintiffs allege that part of their damages were caused by saltwater being permitted to flow over their land, in violation of 52 O.S. 296 (1910). To the extent that these releases purported to relieve ARCO of liability for violation of 52 O.S. 296, or other applicable statutes or regulations, the releases are void as against public policy.

A release may also be rescinded if it was executed under a mutual mistake as to the extent or seriousness of injuries incurred, even though the language of the release is broad enough to cover all injuries. *Holmes v. Missouri Kan. Tex. R.R.*, 574 P.2d 297, 299 (Okla.1978). Plaintiffs argue that the releases were executed under the mutually mistaken belief that pollution was or would be limited to only the surface, not the subsurface, of the land. Based on the evidence submitted, factual issues are presented as to: (1) whether the activities or incidents to which the releases apply, as opposed to other sources of contaminants, caused subsurface pollution, and (2) whether the parties to the releases were mutually mistaken as to the extent of the actual or anticipated damages. To the extent that these activities or incidents caused subsurface pollution, and the parties were mistaken as to the extent of resulting damage, the releases are not effective.

Plaintiffs argue that ARCO's promises, through Mr. Quier and Mr. Trout, to clean up the South Injection Station constituted a waiver of its right to rely on the releases previously obtained. However, a new promise, after a voluntary dis-

charge of liability by the act of the parties, is generally unenforceable without new consideration. 17 Am.Jur.2d § 135; *Howard National Bank v. Newman*, 115 Vt. 61, 50 A.2d 896 (1947); 169 A.L.R. 743. Even if ARCO's promises to clean up the land were found to be enforceable, the releases, if otherwise valid, would still be effective to relieve ARCO of any liability beyond performance of such promises.

ARCO cites *Taylor v. Beech Aircraft Corp.*, 407 F.Supp. 69 (W.D.Okla.1976), and *Corbett v. Combined Communications Corp.*, 654 P.2d 616 (Okla.1982), for the proposition that the intent of the parties to an unambiguous release must be determined solely from its four corners. However, on close examination, these cases do not require judgment in favor of ARCO. In *Taylor*, the court found that there was a jury issue as to the parties' intent, and thus as to the scope of the release, even through the release on its face was unambiguous. In *Corbett*, the release was upheld, but there was no allegation of mutual mistake, as there is in the present case.

Due to the factual issues above noted, ARCO is not entitled to summary judgment based on its defense of payment and release.

### (2) *Statute of Limitations Defense*

■ ARCO also seeks summary judgment on the basis that plaintiffs' claims are barred by the 2 year statute of limitations in 12 O.S. 95(3). Summary judgment on this ground must be denied for several reasons. First, the statute of limitations does not bar an action for temporary pollution of groundwater. *Miller v. Cudahy*, 592 F.Supp. 976, 984 (D.Kan.1984), *aff'd*, 858 F.2d 1449 (10th Cir.1988). Second, to the extent that ARCO has made unfulfilled promises to plaintiffs to clean up the pollution, it is estopped to plead the statute of limitations as a defense. Plaintiffs' opposition brief, exhibit 7; *Phillips Petroleum Co. v. United States Fidelity & Guaranty Co.*, 442 P.2d 303 (Okla.1968). Third, the statute of limitations does not run against a public nuisance. 50 O.S. 7 (1981). Pollu-

tion of waters of the state constitutes a public nuisance under Oklahoma law. 82 O.S. 926.2 (1981). Therefore, to the extent that ARCO's activities have polluted state waters, ARCO may not plead the statute of limitations as a defense. Issues of fact are present as to whether ARCO has created a public nuisance.

■ The parties are in agreement that if the injury to the land is temporary and abatable by clean-up operations, plaintiffs' damages are limited to those occurring within the two years preceding the commencement of this action, i.e., subsequent to October 6, 1985. *Haenchen v. Sand Products Co., Inc.*, 626 P.2d 332 (Okla.App. 1981); *Miller*, 858 F.2d at 1454. In addition, however, plaintiffs are entitled to abatement of a continuing nuisance, regardless of whether the activity constituting the nuisance began within the 2–year statutory period. *Sheridan Oil Co. v. Wall*, 187 Okl. 398, 103 P.2d 507, 510 (1940); *Tenneco Oil Co. v. Allen*, 515 P.2d 1391, 1392 (Okla.1973). Either a mandatory injunction can issue, requiring the defendant to abate the nuisance, or plaintiff can be awarded the costs of abatement. *Sheridan*, 103 P.2d at 510.

For the above stated reasons, ARCO is not entitled to summary judgment based on its statute of limitations defense.

### (3) *"Coming to the Nuisance" Defense*

■ ARCO argues that plaintiffs have no cause of action for pollution damage occurring before they obtained title to the land on July 20, 1985, because a purchaser of land takes the land as he finds it, subject to any pre-existing depreciation due to a nuisance. However, this principle applies only where the injury caused by the nuisance is permanent, not where it is temporary. *St. Louis & San Francisco Railroad Co. v. Stephenson*, 43 Okl. 676, 144 P. 387 (1914); 58 Am.Jur.2d Nuisances § 105 (1971). The damages complained of by plaintiffs are temporary and continuing in character, in which case a purchaser may recover for injuries suffered subsequent to his purchase. § 105, *supra*.

In addition, to the extent that ARCO's actions have created a public nuisance, the "coming to the nuisance" doctrine is inapplicable. *Spur Industries, Inc. v. Del E. Webb Development Co.*, 108 Ariz. 178, 494 P.2d 700, 706 (1972). There is no such thing as a prescriptive right to maintain a public nuisance. 66 C.J.S. Nuisance § 92.

Therefore, ARCO's motion for summary judgment on this basis must also be denied.

### (4) *Unjust Enrichment Claim*

ARCO also seeks summary judgment on plaintiffs' claim based on unjust enrichment. As ARCO has filed, on March 13, 1989, a motion to dismiss this cause of action, in which the issues are more thoroughly briefed, the Court will consider this matter when it disposes of that motion.

### (5) *Emotional Distress Claim*

ARCO also seeks summary judgment on plaintiffs' claims for intentional infliction of emotional distress. Plaintiffs have deleted this claim in their Fourth Amended Complaint, therefore this issue is now moot.

### (6) *Conclusion*

For all the above explained reasons, ARCO's motion for summary judgment is hereby DENIED.

It is so ordered.