**Ted and Debra SCHEUFLER, husband and wife; Paul and Elva Scheufler, husband and wife; Harvey Wilhaus; Alice M. Richmond; Mabel V. Colle Trust; Kenneth D. and Eileen P. Knapp, husband and wife; Peirce Knapp Farms, Inc., by Walter C. Peirce, President; and Violet Stockham, Plaintiffs,**

v.

**GENERAL HOST CORPORATION, a New York Corporation, Defendant.**

**Civ. A. No. 91–1053–FGT.**

United States District Court, D. Kansas.

July 27, 1995.

---

## MEMORANDUM AND ORDER

THEIS, District Judge.

This is a nuisance action brought by several landowners who claim that the groundwater underlying their properties was polluted by salt which escaped from the American Salt plant in Lyons, Kansas, while it was owned by a wholly owned subsidiary of the defendant. The plaintiffs claim that because of the pollution, they are unable to grow irrigated corn on their properties. Trial of this matter commenced on June 27, 1995, and is nearing completion.

Most of the plaintiffs in this action are landowners who have tenants farm the land under sharecropping arrangements. The court, by its Memorandum and Order of July 18, 1995, granted leave to join the tenants as plaintiffs in order to comply with Kansas law as stated in *Binder v. Perkins*, 213 Kan. 365, 516 P.2d 1012 (1973). Before the court is a motion to formally designate tenants Lee Scheufler and Coll-Mor Farm Inc., as tenants. The court grants the motion.

Defendant has moved for judgment as a matter of law as to some of the damages claimed by the tenants. Defendant, citing *Binder*, 213 Kan. at 365, syl. ¶ 3, 516 P.2d 1012, argues that the tenants cannot recover for damages for any time after this lawsuit was filed because they entered into annual lease agreements with knowledge of the damage to the properties. The court denied the motion.

The court now holds that the law as stated in *Binder* does not apply in this case. The Kansas Supreme Court held in *Binder* that a tenant was able to recover for lost crop profits only for the time in which he entered into the lease without knowledge of the damage to the property. *Id.* at 370, 516 P.2d 1012. This case is distinguishable from *Binder* in two important ways. First, plaintiffs seek temporary damages. The rule that a purchaser takes the land as he finds it applies only where the injury to the land is permanent. *Fischer v. Atlantic Richfield Co.*, 774 F.Supp. 616, 619 (W.D.Okla.1989). Second, as this court determined in *Miller v. Cudahy*, 592 F.Supp. 976, 1004 (D.Kan.1984), the defendant's conduct in polluting the Cow Creek aquifer constituted a public nuisance as well as a private nuisance. The "coming to the nuisance" defense is inapplicable to cases of public nuisance. *Fischer*, 774 F.Supp. at 620. The court's holding applies equally to subsequent tenants and subsequent purchasers.

**IT IS BY THIS COURT THEREFORE ORDERED** that plaintiffs' motion to formally designate tenants on the Scheufler and Colle parcels (Doc. 328) is hereby granted.

**IT IS FURTHER ORDERED** that plaintiffs' motion for judgment as a matter of law is granted in part, as to the defendant's affirmative defense of coming to the nuisance.