1998 OK CIV APP 162

Anjanette Rene VELA,
Plaintiff/Appellant,

v.

**HOPE LUMBER & SUPPLY COMPANY and Christopher Robin Broyles, Defendants/Appellees.**

**No. 89264.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Oct. 9, 1998.

Anje Vela, Baltimore, MD, Pro Se.

Brigid F. Kennedy, Looney, Nichols & Johnson, Oklahoma City, for Appellees.

JOPLIN, Judge.

¶1 Plaintiff/Appellant Anjanette R. Vela (Plaintiff) seeks review of the trial court's order denying her motion for new trial and request for findings of fact and conclusions of law in her action against Defendant/Appel-lees Hope Lumber & Supply Co. and Christopher Robin Broyles (by name or, collectively, Defendants) to recover for personal injuries sustained in an automobile accident after the trial court denied Plaintiff's motion to set aside a settlement agreement. In this appeal, Plaintiff complains the trial court erred in denying her motion for new trial and motion to vacate, having shown the settlement agreement to be the product of undue influence and coercion. Having reviewed the record, however, we find no error as alleged, and hold the order of the trial court should be affirmed.

¶2 Plaintiff allegedly sustained personal injury in an automobile accident with Defendant Broyles who was at the time of the accident driving a vehicle owned by Defendant Hope Lumber & Supply Company, and in August 1995, Plaintiff commenced the instant action against Defendants to recover damages arising therefrom. In May 1996, Plaintiff and Defendants, appearing with counsel, participated in mediation, upon completion of which, Plaintiff and Defendants agreed to and executed a Mediation Agreement, by which Defendants agreed to pay Plaintiff a sum of money in settlement of her claims, in return for which Plaintiff would dismiss her claims with prejudice; more specifically, Plaintiff initialed the Agreement, denoting her understanding that she had the right to consult an attorney and/or to have an attorney review the Agreement, and that said Agreement was intended to be a "legally binding and enforceable settlement contract."

¶3 Shortly thereafter, Defendants tendered the agreed-upon amount together with a dismissal and release. Plaintiff, however, refused to consummate the settlement, i.e., she refused to accept the tendered amount or to execute the dismissal and release., and Defendants filed a motion to enforce the parties' settlement agreement reached at mediation. Plaintiff responded, arguing the Mediation Agreement was either void or voidable on various grounds, including alleged economic duress, coercion, unconscionability, and/or undue influence. After hearing, the trial court denied Defendants' motion to enforce the settlement agreement, and although the trial court made no specific

finding of coercion or undue duress, nevertheless set aside the settlement agreement.

¶4 Defendants subsequently filed a motion to reconsider, arguing the trial court lacked authority to set aside the Mediation Agreement absent a finding of vitiating legal infirmity, i.e., fraud, mistake, duress or undue influence. After argument and briefing, the trial court granted Defendants' motion to reconsider, thereby (in essence) granting Defendants' motion to enforce the parties' settlement agreement. Plaintiff filed a motion for new trial, which after hearing, the trial court denied. Plaintiff now appeals.[1]

■ ¶5 In the main portion of her nine propositions of error on appeal, Plaintiff challenges the trial court's determination of enforceability of the Mediation Agreement, arguing that her attorney, the mediator, and a third-party all lied to and threatened her in order to obtain her consent to and signature on the Agreement.[2] Accordingly, Plaintiff complains the trial court effectively granted summary judgment to Defendants despite a controversy of material facts concerning Plaintiff's defenses to enforcement of the settlement agreement.

■ ¶6 We disagree. We first note use of alternative dispute resolution procedures such as mediation is encouraged. See, Rule 47, Rules of the Seventh Judicial District [Oklahoma and Canadian Counties], *Oklahoma Court Rules and Procedure*, (West, 1998), pp. 935 et seq., at 946. We secondly note that Oklahoma law recognizes that an agreement to settle a claim constitutes a contract between the parties which should not be set aside absent fraud, duress, undue influence, or mistake. *See, Barnes v. Helfenbein*, 1976 OK 33, 548 P.2d 1014; *Jones v. First National Building Corporation*, 155 F.2d 815 (10th Cir.1946). In the construction

of settlement agreements, the Oklahoma Supreme Court has held:

> ... If the language of a contract is clear and without ambiguity, the court is to interpret it as a matter of law. (Citation omitted.) ... In the absence of fraud or mistake, an executed agreement of settlement is as conclusive against a party seeking to avoid it as the final judgment of a court of competent jurisdiction. (Citation omitted.)

*Corbett v. Combined Communications Corp. of Oklahoma, Inc.*, 1982 OK 135, ¶5, 654 P.2d 616, 617–618.

■ ¶7 Ordinarily, a motion for new trial or reconsideration constitutes a matter addressed to the sound discretion of the court, whose decision thereon will not be disturbed unless erroneous as a matter of law, or arbitrary and capricious. *See, e.g., Bennett v. Hall*, 1967 OK 122, 431 P.2d 339. As Plaintiff frames the issues, we will canvass the record to ascertain whether, as Plaintiff asserts, there remain material facts in controversy regarding her defenses to enforcement of the settlement agreement, i.e., fraud, mistake, coercion or undue influence affecting execution of the Mediation Agreement. In this regard, a party may not rely on the allegations of his pleadings or the bald contention that certain facts exist; rather, the trial court's judgment must be based upon the record actually presented. *See, e.g., Frey v. Independence Fire and Cas. Co.*, 1985 OK 25, 698 P.2d 17; *Zaragosa v. Oneok, Inc.*, 1984 OK CIV APP 53, 700 P.2d 662. Where one party sets forth evidence which shows no controversy as to material facts, the burden of proof shifts to the opposing party to present evidence which would justify trial on the issue. *American Nat'l. Bank & Trust Co. of Shawnee v. Clarke & Van Wag-*

---

1. Vela discharged her initial counsel, attempted to appear pro se, obtained new counsel, and ultimately again appeared pro se.

2. In this regard, Vela states she was under economic duress due to medical bills; that the third-party who contacted Defendants' insurance adjuster alleging Vela was committing insurance fraud was in fact mentally incompetent; that Vela's own attorney "allowed" the mediator to bully Vela; that Vela's attorney was just in it for the money; that Vela cried for an hour without

either her attorney or the mediator offering her a tissue; that both her attorney and the mediator warned her of possible 'articles' regarding insurance fraud; that insurance fraud was against the law; that her attorney, the mediator, and the defense attorney were all friends; and that the trial judge knew her attorney and defense counsel. Vela also averred that her attorney and the mediator indicated a possible discrepancy regarding the origination of Vela's injury.

*ner,* 1984 OK CIV APP 37, 692 P.2d 61; *Stephens v. Yamaha Motor Co., Ltd., Japan,* 1981 OK 42, 627 P.2d 439.

¶8 Our review of the record reveals Plaintiff harbors substantial misgivings concerning the entire mediation/settlement process: that Plaintiff changed her mind after executing the Agreement is self-evident; that Plaintiff entertains substantial animus toward the other parties to the Agreement, including her own attorney and the mediator, is likewise plain; and that Plaintiff believes the process tainted by improper motives of the others involved is palpably clear. However, from our review of the record, we discern no error of law, abuse of discretion or arbitrary and capricious action by the trial court in denying Plaintiff's motion for new trial, the record in our view showing no *facts* indicating otherwise than Plaintiff signed the Mediation Agreement of her own free will, that she understood the nature and consequences of her acceptance of the settlement terms, and that the Agreement contains no ambiguity which could have caused its execution by mistake. Stated otherwise, the record in our view simply does not bear out a factual basis for Plaintiff's speculation as to the conspiracies, threats, and other improper motives of her counsel, Defendants' counsel, and the mediator.[3] Finding no basis in the evidence of record supportive of Plaintiff's claims, therefore, we reject these propositions.

 ¶9 Finally, Plaintiff complains the trial court erroneously refused her requests for findings of fact and conclusions of law, and erred in considering a brief submitted without leave by *amicus curiae.* As to the former, the record suggests Plaintiff's requests for findings and conclusions were made after the trial court announced its judgment, and under these circumstances, refusal of a request for specific findings and conclusions does not constitute reversible error. *See, Britton v. Absher,* 1955 OK 282, 290 P.2d 769. Regarding the latter, nothing in the record suggests the trial court considered the brief of the *amicus curiae,* and absent such a showing, we cannot say the mere filing of the brief amounts to reversible error. Accordingly, we reject these propositions.

¶10 Consequently, under the specific facts and circumstances of this case, we find no error by the trial court in denying Plaintiff's motion for new trial. We therefore conclude the order of the trial court denying Plaintiff's motion for new trial should be and hereby is AFFIRMED.

JONES, V.C.J., and GARRETT, J., concur.

---

**3.** We note here that had Plaintiff's counsel failed to advise her of the "negatives" involved in the case, including the suggestion that Plaintiff's injuries may have been congenital, he may very well have been remiss in his duties as her advocate.