2000 OK CIV APP 21

Earl **RUSSELL**, Gary **Watson**, Gary **Smith**, Mack **Word**, Steve **Henson**, Ruben **Garcia**, Kenneth **Turner**, Greg **Theobald**, Wayne **Mcgee**, and Bryan **Burton**, Plaintiffs/Appellees,

v.

**BOARD OF COUNTY COMMISSIONERS OF CARTER COUNTY, STATE OF OKLAHOMA**, Defendant/Appellant.

No. 92,532.

Court of Civil Appeals of Oklahoma, Division No. 1.

Feb. 4, 2000.

Ronald E. Worthen, Ardmore, Oklahoma, For Plaintiffs/Appellees.

Rodney C. Ramsey, Hall, Estill, Hardwick, Gable, Golden & Nelson, Oklahoma City, Oklahoma, For Defendant/Appellant.

BUETTNER, J:

¶1 Plaintiffs/Appellees Earl Russell, Gary Watson, Gary Smith, Mack Word, Steve Henson, Ruben Garcia, Kenneth Turner, Greg Theobald, Wayne McGee, and Bryan Burton (Deputies) filed suit in 1995 against Defendant/Appellant, the Board of County Commissioners of Carter County (County), seeking overtime pay. The trial court granted summary judgment to the County and Deputies appealed. See *Russell et al. v. Board of Commissioners*, 1997 OK 80, 952 P.2d 492. This court reversed the grant of summary judgment. The Supreme Court granted certiorari and also reversed and remanded the case for trial. *Id.*

¶2 The parties do not dispute that on the date set for trial following remand, the parties reached a settlement agreement. However, the parties soon disagreed over the terms of the settlement and Deputies filed their motion to enforce settlement agreement. Following a hearing, the trial court entered the order which is the subject of the instant appeal. The trial court determined that it retained jurisdiction over the controversy.[1] The questioned order stated that the parties had agreed to settle the case for $50,000 to be paid in a lump sum and that County did not have the option to pay the settlement in installments. The trial court therefore ordered County to pay the full $50,000 settlement amount before the end of its next payment cycle. County appeals the trial court's order. Because we find the trial court erred in ordering a lump sum payment, we reverse and remand.

¶3 A settlement agreement is a contract. *Rader v. Farmers Insurance Co., Inc.*, 1997 OK 16, 934 P.2d 332, 334; *Corbett v. Combined Communications Corp. of Oklahoma, Inc.*, 1982 OK 135, 654 P.2d 616, 617. Settlement agreements are generally favored and will be enforced absent fraud, duress, undue influence or mistake. *Vela v. Hope Lumber & Supply Co.*, 1998 OK CIV APP 162, 966 P.2d 1196, 1198. Further, settlement agreements may be oral, as was the one in the instant case. 15A Am.Jur.2d Compromise and Settlement, § 10.

¶4 The trial court held a hearing to determine the method of payment contemplated by the settlement agreement. The

---

1. We agree that the trial court retained jurisdiction because no dismissal of the case, following settlement, appears in the record. Where a case is dismissed as part of the settlement, the trial court loses jurisdiction to enforce the settlement. In that event, an aggrieved party has the option 1) to bring an independent action for specific performance (if otherwise appropriate) of the settlement agreement, 2) to file a motion to vacate the dismissal and reopen the case, *Gilmartin v. Abastillas*, 10 Haw.App. 283, 869 P.2d 1346 (1994), or 3) to bring an independent action for recision based on mutual mistake, *Beck v. Reynolds*, 1995 OK 83, 903 P.2d 317.

court found that County agreed to pay the settlement in a lump sum. There is evidence to support this finding. However, the question remains as to what authority a court has to force a county to make an immediate payment for a breach of contract.

¶ 5 County argues that the trial court's order enforcing the settlement agreement constitutes a judgment and that a county may not pay a judgment in a lump sum, but must pay it in thirds. County relies on 19 O.S.1991 § 6[2] and 62 O.S.1991 § 365.5.[3]

2. 19 O.S.1991 § 6, Payment of judgment against county, provides:

When a judgment shall be rendered against the board of commissioners of any county, or against any county officer in any action prosecuted by or against him in his official name, where the same should be paid by the county, no execution shall issue upon the said judgment, but a tax sufficient to pay same shall be levied and collected in like manner as other county taxes, and when collected shall be paid by the county treasurer on the delivery of a proper receipt and the signing of an acknowledgment on the court record of said judgment, by the party in whose favor the judgment was rendered, or by his attorney of record, that same has been satisfied.

3. 62 O.S.1991 § 365.5, Manner of paying money judgments, provides:

Money judgments against any county or other municipal subdivisions of the State of Oklahoma shall be paid in the following manner, and may be paid in no other manner. No payment shall be made until such judgment is first spread on the budget for levy as to the first third thereof, and the levy or provision made therefor has become final. Within thirty (30) days after the final determination of any ad valorem tax protests as involve levy for judgments against the county or any of its municipal subdivisions, or, if no protests be filed, then after termination of the forty-day protest period, the judgment creditor or attorney for the judgment creditor shall file with the treasurer of such municipality a claim, in form as prescribed by the State Auditor and Inspector, itemizing the judgments to be paid, stating the principal sum thereof, any sums paid thereon, and the balance due with interest computed on the unpaid portion of the principal amount of each judgment. The information required by the claim form shall be supplied by the treasurer of the municipality or of the county, as the case may be. Such treasurer shall thereupon canvass his sinking fund for the purpose of ascertaining if there be in his sinking fund for such municipality an amount of actual cash over and above the amount of cash needed to pay all coupons and bonds matured and maturing therein within the time

We further note the Oklahoma Constitution provides for the payment of judgments out of a county's sinking fund.[4] County cites *Board of Education of City of Drumright v. Board of Commissioners of Creek County*, 171 Okla. 464, 43 P.2d 139 (1935). That case provides, in pertinent part:

One holding a money judgment against an individual has the right immediately to have the same satisfied in full out of any property of the debtor ... One holding a judgment against a county of this state has

such sinking fund will be replenished from levies made or to be made for such judgment, or judgments, he shall approve such claim in such amount as is neither in excess of such claim nor in excess of the actual cash reserve necessary for coupons and bonds as hereinbefore defined and shall transmit it to the clerk of such municipality. For all purposes of this act, the county clerk shall act for the county and all townships and dependent school districts therein. Upon receipt of such claim, the clerk shall audit the same against his own records and, if found correct he shall approve the same and return it to such treasurer, who shall pay the amount thereof out of such sinking fund, to the clerk of the court out of which such judgments issued. Upon receipt thereof such court clerk shall issue his official receipt and deposit said funds in his official depository account, and at the same time enter a credit in each case involved in accordance with the claim previously made or in ratio thereto; and thereafter, upon demand by the judgment creditor or his assignee of record, he shall make payment by his own official voucher in the same manner as in other cases and credit the judgment roll of such judgment with the amount of payment so made. No poundage or other fee shall be charged or collected by the court clerk for monies received or paid under the provisions of this act. If such claim can be only partly paid, under this section, other claims shall be filed from time to time thereafter, audited and paid in the same manner. No payment by the court clerk shall be authorized to be made to the assignee of any judgment unless such assignment, duly acknowledged, be first entered of record in such case and on such judgment roll.

4. Ok. Const. Art. 10, § 28. Revenue for sinking fund—Uses to which applied

Counties, townships, school districts, cities, and towns shall levy sufficient additional revenue to create a sinking fund to be used, first, for the payment of interest coupons as they fall due; second, for the payment of bonds as they fall due; third, for the payments of such parts of judgments as such municipality may, by law, be required to pay.

different rights; that is, the right not to an immediate payment in full, but the right to have tax levies made, one-third each year, and for payment when the fund has accumulated therefor (section 5913, O.S.1931), unless there exists a sinking fund out of which the judgment can and should be paid.

Judgments against a county must be paid out of the county's sinking fund. Oklahoma statutes require the counties to levy taxes in order to create a sinking fund out of which to pay judgments, as well as bonded indebtedness and interest.[5] We note the language of *Board of Education of City of Drumright, supra,* indicates that a judgment against a county must be paid in thirds unless there are sufficient funds in the county's sinking fund to pay all of the judgment. This holding indicates that a judgment may be paid in a lump sum out of the sinking fund, if the fund contains sufficient funds, or in three annual installments from the sinking fund.[6] While *Drumright* and *Goerke* predate § 365.5, this view finds support in later cases as well. See *Clay v. Independent School District No. 1 of Tulsa County,* 1997 OK 13, 935 P.2d 294 (a sinking fund obligation may be paid either out of surplus revenues in the sinking fund or from three annual sinking fund levies). County alleged at the hearing in the instant matter that the settlement agreement called for it to pay the $50,000 settlement either in a lump sum or in three annual installments.

¶ 6  The issue here is whether the trial court had the authority to order County to pay the agreed settlement amount in a lump sum, after finding that County had agreed to pay the specified amount. We have recounted the law with respect to payment of judg-

ments against counties because we do not believe a trial court may order a county to pay a contractual obligation in a manner inconsistent with the statutory method of paying judgments. Thus, we need not decide whether to agree with County's effort to transmogrify a settlement agreement into a judgment, because the result is the same.[7]

¶ 7  While the case is still pending, the trial court has the inherent authority to enforce terms of a settlement agreement. A motion to enforce a settlement agreement is treated as a motion for summary judgment. *Gilmartin v. Abastillas, supra* note 1. When the terms of the settlement agreement are disputed, the trial court should, as it did here, conduct an evidentiary hearing.[8] After determining that County promised to pay a lump sum, the trial court could do no more than if there had been a trial finding County breached the contract. The failure to pay money is a legal, not equitable action.

The detriment caused by the breach of an obligation to pay money only is deemed to be the amount due by the terms of the obligation, with interest thereon.

23 O.S.1991 § 22. Where there is an adequate remedy at law, equity does not grant specific performance. *Fortner v. Wilson,* 1950 OK 71, 202 Okla. 563, 216 P.2d 299.

¶ 8  Thus, specific performance, an equitable remedy is not available where the only detriment alleged is the failure to timely pay a monetary obligation.

¶ 9  This is not to say that Deputies are without a remedy. In accordance with *City of Drumright,* a judgment against a county is to be paid by tax levies, one-third each year, unless there is a sinking fund out of which the judgment can be paid.[9] In *Hyre v. Pratt,*

5.  See 62 O.S.1991 §§ 431 and 435.

6.  See *State ex rel. Crane Co. v. Goerke,* 191 Okla. 1, 126 P.2d 1005 (1942) ("... judgments against a municipality are sinking fund judgments and are paid by three annual sinking fund levies or they may be paid out of the sinking fund and the same reimbursed by three annual levies.").

7.  A judgment is the final determination of the rights of the parties in an action. 12 O.S.1991 § 681.

8.  Whether a settlement has been reached so as to conclude the action may be a question for a jury, see *Bourne v. Leathers,* 1959 OK 104, 340 P.2d 238, 243. Here, both parties agree a settlement was reached.

9.  But see 62 O.S.1991 § 365.5: "No payment shall be made until such judgment is first spread on the budget for levy as to the first third thereof, and the levy or provision made therefor has become final." Also see 62 O.S.1991 § 365.6: "If all or more than one-third (⅓) of a judgment be paid after the levy for the first third thereof becomes final, out of surplus cash as hereinbe-

1963 OK 91, 382 P.2d 18, the Oklahoma Supreme Court held that judgment creditors could proceed against a city treasurer in a mandamus proceeding to prove that there were sufficient funds in the sinking fund, over and above statutory obligations, from which a judgment could be paid in a lump sum. The court reiterated its approval of the following rule from *Conner v. Battles*, 184 Okla. 351, 87 P.2d 121 (1939):

> "A judgment against a governmental subdivision of this state, for which no tax levies have been made, should not be paid out the accumulated sinking fund under the provisions of section 5919, O.S.1931, 62 Okl.St.Ann. § 435, unless it definitely appears that the sinking fund used to pay the judgment will or may be replaced by levy and collection by the time it is needed to pay maturities of pre-existing obligations of the sinking fund."

The court then held:

> It is our conclusion that under our interpretation of 62 O.S.1961 § 435, plaintiffs had a complete remedy and have shown a right to avail themselves of such remedy and compel defendant to pay the judgment from the sinking fund.

We see no reason that this holding would not be applicable to County.

### Conclusion

¶ 10 We hold that the trial court was without authority to order County to pay the settlement in a lump sum without any evidence with respect to the status of County's sinking fund in a proceeding to enforce a settlement agreement. We therefore REVERSE and REMAND this action to the trial court with directions to vacate the appealed order as well as the award of attorney fees. Any additional proceedings shall be undertaken in accordance with the views expressed herein.

JONES, P.J., and GARRETT, J., concur.

---

fore provided, levies to reimburse the sinking fund shall thereafter be made only if there be other outstanding indebtedness, in the same

manner as if such prepayment had not been made, . . . ."