PENDERGRAFT v. BROOKS



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:PENDERGRAFT v. BROOKS

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 PENDERGRAFT v. BROOKS
2021 OK CIV APP 24
495 P.3d 1214
Case Number: 118380
Decided: 06/03/2021
Mandate Issued: 06/30/2021
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV
Cite as: 2021 OK CIV APP 24, 495 P.3d 1214

 

MARK ALAN PENDERGRAFT, Plaintiff/Appellant,
v.
ALISSA BROOKS, Defendant/Appellee.

APPEAL FROM THE DISTRICT COURT OF
CANADIAN COUNTY, OKLAHOMA

HONORABLE PAUL HESSE, TRIAL JUDGE

AFFIRMED

Mark Alan Pendergraft, Piedmont, Oklahoma Pro Se

Christopher Johnson, ANGELA D. AILLES & ASSOCIATES, Oklahoma City, Oklahoma, for Defendant/Appellee

JOHN F. FISCHER, VICE-CHIEF JUDGE:

¶1 Mark Allen Pendergraft appeals the district court's order dismissing his case with prejudice. The district court found that defendant Alissa Wells, now Brooks, and Pendergraft reached a settlement during a court-ordered mediation and that the settlement constituted an enforceable contract. The district court granted Brooks' motion to enforce the settlement and granted judgment in favor of Brooks. When Brooks paid the agreed settlement amount, the district court dismissed Pendergraft's case. Pendergraft failed to preserve for appellate review the district court's judgment granting Brooks' motion to enforce the settlement agreement. The order of dismissal fulfilled one term of the parties' settlement contract and one obligation Pendergraft voluntarily assumed when he signed the settlement agreement. Because Pendergraft has failed to show that the district court erred in dismissing his case, the order of dismissal is affirmed.

BACKGROUND

¶2 Pendergraft filed this negligence action after an automobile accident that he alleged was caused by Brooks. Brooks' lawyer, her insurance representative and Pendergraft participated in a court-ordered mediation on August 27, 2019. At the conclusion of that mediation, the parties or their representatives and the mediator signed a Notice of Settlement at Mediation. That document appears to be a form containing certain disclosures regarding the mediator, the terms of the settlement, representations by the parties regarding their willingness to participate in the mediation and their affirmance of the absence of any "coercion, fraud, duress, undue influence and mistake" in reaching the terms of the settlement. In substance, the parties agreed that in exchange for the payment of $12,000, Pendergraft would provide "a Full Release of All Claims and Dismissal With Prejudice to be filed with the court."

¶3 The Notice of Settlement also included additional terms. For example, the parties agreed that Brooks would pay the mediation fee, and Pendergraft agreed "to indemnify and hold Defendant harmless" from any and all medical liens or subrogation interests of his health insurance carriers. Further, counsel for Brooks agreed to write a letter addressed to Pendergraft's medical insurer, BCBS, stating that medical bills related to Pendergraft's preexisting conditions -- hernia, weight-related issues and upper leg nerve injury -- "were not considered in the settlement negotiations."

¶4 In addition to the type-written portion of the Notice of Settlement, two hand-written interlineations appear on the document. Both interlineations concern the letter that the defense agreed to write to Pendergraft's medical insurer. One interlineation provides that the letter will state that it is the defense's "belief" that Pendergraft's medical treatment for a hernia, an upper leg nerve issue and weight-related issues were not considered in the settlement negotiations. The other provides: "[Defense] will draft BCBS letter and give letter to [plaintiff]. [Plaintiff] responsible for giving letter to BCBS and negotiating w/BCBS." Both interlineations are initialed by Pendergraft.

¶5 Subsequently, a dispute developed regarding the text of the letter and who was responsible for negotiating with Pendergraft's medical insurer. Pendergraft was not satisfied with the text of the letter provided by Brooks' counsel. He wanted Brooks' counsel to negotiate an ongoing dispute Pendergraft was having with his medical insurer regarding non-accident related healthcare and treatment for the hernia, upper leg nerve and weight-related issues. When that dispute was not resolved to his satisfaction, Pendergraft advised Brooks' counsel that he did not intend to honor the settlement agreement. Brooks' counsel filed a Motion to Enforce Settlement Agreement.[1] Attached to that motion as Exhibit 1 is a copy of the Notice of Settlement at Mediation.

¶6 Pendergraft filed an unverified response to the motion to enforce the settlement agreement. He admitted that the parties attended a mediation on August 27, 2019, that a settlement was reached at that mediation, that the terms of the settlement called for Pendergraft to release all claims against Brooks and file a dismissal with prejudice in the case in exchange for the payment of $12,000, and that Exhibit 1 was a copy of the settlement reached by the parties at the mediation. Pendergraft also admitted that he signed Exhibit 1 and initialed the hand-written interlineations in the presence of the mediators, that he was not coerced or under any pressure to participate in the mediation, and that at no time did he advise Brooks' counsel or the mediators "that he was not in his right mind."

¶7 Pendergraft argued that Brooks' motion should be denied for two reasons. First, he argued that the handwritten interlineations appearing on the Notice of Settlement at Mediation had been added by Brooks' counsel after the mediation and that the changes misrepresented the correspondence counsel had agreed to draft for Pendergraft's insurer and materially changed the agreement. Pendergraft stated that after he had signed the original agreement, the mediator presented the agreement with the interlineations and that he initialed those changes even though he did not understand some of the symbols used. One interlineation used the Greek letters "delta" and "pi" as substitutes for defendant and plaintiff. Second, Pendergraft argued that the motion should be denied because he "was on medications during the mediation which may have affected his judgment." Pendergraft asked that the district court not only deny Brooks' motion but also "enter an Order to nullify the entire agreement and declare the entire Mediation Agreement as void and no longer enforceable by law."

¶8 On September 26, 2019, the district court filed a detailed judgment containing findings of fact and conclusions of law on which the court based its decision to grant Brooks' motion to enforce the settlement agreement. The district court noted that a settlement agreement was a contract, enforceable at law as any other contract. The court found that "there was a valid and enforceable settlement agreement" reached by the parties at the August mediation, and that Pendergraft had presented no evidence of fraud, duress, undue influence or mistake requiring rescission of the settlement agreement.

¶9 The district court's September 26 judgment also provided that if the court was notified that Brooks had deposited the settlement funds with the court clerk, the court would enter an order dismissing Pendergraft's case with prejudice. According to the docket sheet, Brooks filed a notice, informing the district court that she had deposited the settlement funds with the court clerk on October 2, 2019. See Okla. Sup. Ct. Rule 1.1(d), 12 O.S. Supp. 2013, ch. 15, app. 1 (providing that an appellate court may review information found on the Oklahoma district court appearance dockets posted on the World Wide Web). On the same day, the district court entered its order dismissing Pendergraft's case with prejudice. That order is the subject of this appeal.

STANDARD OF REVIEW

¶10 The order dismissing Pendergraft's case resulted from the proceedings initiated by Brooks' Motion to Enforce Settlement Agreement. For the reasons stated in the body of this Opinion, we do not review the September 26, 2019 judgment granting that motion. First, Pendergraft only seeks review of the October 2, 2019 Order. Second, Pendergraft did not appeal the judgment, and that ruling is unavailable for appellate review. Consequently, the only issue Pendergraft has preserved for appellate review is the legal ruling that resulted in the entry of the order dismissing his case with prejudice. "An issue of law decided by a trial court is reviewed by this Court de novo." Christian v. Gray, 2003 OK 10, ¶ 41, 65 P.3d 591. De novo review is non-deferential, plenary and independent. Neil Acquisition L.L.C. v. Wingrod Inv. Corp., 1996 OK 125, n.1, 932 P.2d 1100.

ANALYSIS

¶11 "'A motion to enforce a settlement agreement is treated as a motion for summary judgment.'" In re De-Annexation of Certain Real Property from City of Seminole, 2009 OK 18, ¶ 7, 204 P.3d 87 (quoting Russell v. Bd. of Cnty. Comm'rs, 2000 OK CIV APP 21, ¶ 7, 1 P.3d 442). Summary judgment dictates the procedure by which the district court determines whether a settlement has been reached. In re De-Annexation, 2009 OK 18, ¶ 7. A ruling granting summary judgment is appealable. 12 O.S. Supp. 2017 § 990A; Okla. Sup. Ct. R. 1.36, 12 O.S. Supp. 2013, ch. 15, app. 1. The same is true for rulings granting a motion to enforce a settlement agreement. Cf., Okla. Sup. Ct. R. 1.37(a)(10) (regarding settlement agreements entered into by the parties after an appeal has been filed and providing that "[i]If a dispute should arise over the correctness of the trial court's settlement approval or over any of its terms, and corrective relief be sought, it must be by a timely-perfected appeal form the trial court's order that resolved the parties' settlement dispute").

¶12 In this case, the district court's September 26, 2019 ruling granting Brooks' motion to enforce the settlement agreement contained all of the elements required for a judgment by 12 O.S.2011 § 696.3. And, it was a "final determination of the rights of the parties" in this action. 12 O.S.2011 § 681 (defining a judgment). The district court found that the Notice of Settlement at Mediation provided "clear and unambiguous terms" of the settlement and that both parties intended to settle Pendergraft's lawsuit on the terms stated in the Notice. The judgment recites that Brooks "has established as a matter of law that an enforceable contract exists between the parties" and, therefore, it is "ORDERED, ADJUDGED AND DECREED that the Defendant's Motion to Enforce Settlement Agreement is GRANTED and is hereby confirmed."

¶13 The effect of the court's September 26, 2019 judgment was to replace Pendergraft's cause of action against Brooks for negligence with the settlement contract agreed to by the parties at the mediation. As the district court noted, a settlement agreement is a contract. See Rader v. Farmers Ins. Co., Inc., 1997 OK 16, ¶ 17, 934 P.2d 332. This Court has previously held: "Once a settlement has been reached, the parties' rights and liabilities as to the subject matter of the action are fixed by contract rather than by the judgment of the court." Winterhalder v. Burggraf Restoration, Inc., 2011 OK CIV APP 38, ¶ 6, 256 P.3d 84 (citing Corbett v. Combined Commc'ns Corp. of Okla., Inc., 1982 OK 135, ¶ 5, 654 P.2d 616, for the proposition that a settlement agreement is as conclusive on the parties as a final judgment). See also Shawnee Hosp. Auth. v. Dow Constr. Inc., 1990 OK 137, 812 P.2d 1354 (stating that the trial court looks solely to terms of a settlement agreement when resolving post-settlement disputes).

¶14 Importantly, the terms of this settlement contract included more than just the payment of money in exchange for a dismissal of the lawsuit. For example, Pendergraft not only agreed to dismiss his case with prejudice, but also to fully release any and all claims he had against Brooks in exchange for payment of the settlement amount. That release would include any claims unrelated to and not included in his negligence suit and is, therefore, broader than a simple dismissal of his case with prejudice. Pendergraft also agreed to indemnify Brooks against any attempt by his medical providers or insurers to enforce any medical liens or subrogation rights against the settlement funds. Brooks agreed to pay the costs of the mediation and write the letter described in the Notice of Settlement. And, like any contract, the settlement agreement necessarily included "not only the promises set forth in express words, but all such implied provisions as are indispensable to effectuate the intent of the parties and as arise from the language of the contract and the circumstances under which it was made." Whitehorse v. Johnson, 2007 OK 11, ¶ 9, 156 P.3d 41.

¶15 Each of the promises in the parties' settlement contract is enforceable in a subsequent action for breach of contract. See e.g., Jernigan v. Jernigan, 2006 OK 22, 138 P.3d 539 (holding that a family settlement agreement is enforceable to distribute assets of an estate despite contrary provisions in an earlier will); Shawnee Hosp. Auth., 1990 OK 137, ¶¶ 10-11 (finding enforceable a settlement provision whereby court approving settlement retained jurisdiction to settle by non-jury trial any disputes regarding the settlement); Corbett v. Combined Commc'ns Corp. of Okla., Inc., 1982 OK 135, ¶ 5 (affirming summary judgment for defendant because settlement agreement and release in prior litigation precluded the present claim).

¶16 In addition to finally resolving that "the rights of the parties" were determined by the settlement contract, the September 26, 2019 judgment also provided that Brooks "may tender to the Court Clerk the settlement proceeds" and that on deposit of those funds with the court clerk, Pendergraft's claims against Brooks "will be fully released and dismissed with prejudice." (emphasis added). A judgment "may determine the ultimate rights of the parties on either side, as between themselves, and it may grant to the defendant any affirmative relief to which he or she may be entitled." 12 O.S. Supp. 2016 § 682. This provision in the judgment addressed the essential term of the settlement contract, but it was not necessary. Brooks could have obtained the same relief in a subsequent breach of contract action. See e.g., Corbett, 1982 OK 135, ¶ 5.

¶17 Further, this provision did not resolve all possible contract disputes that might arise concerning enforcement of the terms of the Notice of Settlement, any one of which could be the subject of a subsequent breach of contract action. Id. Nonetheless, when Brooks deposited the settlement funds with the court clerk, the district court entered the October 2, 2019 order that is the subject of this appeal, the dismissal of Pendergraft's case with prejudice.

¶18 Pendergraft's brief-in-chief begins with a collection of generally accepted statements of contract law that are not developed into any particular argument supporting his appeal. His brief then recites various purported facts, almost none of which are supported by any citation to the record as required by Okla. Sup. Ct. R. 1.11(e)(1), 12 O.S. Supp. 2013, ch. 15, app. 1, and those that are supported do not advance resolution of this appeal. The brief contains two arguments. First, Pendergraft contends that the hand-written interlineations were added to the Notice of Settlement after the settlement was reached, that they materially changed the terms of the settlement, and that he did not agree to those changes. Pendergraft does not retract his previous admission that his initials appear next to the interlineations. Generally, "a party signing a written instrument that is plain and unequivocal in its terms is bound thereby." Bass Furn. & Carpet Co. v. Finley, 1927 OK 254, ¶ 0, 263 P. 130 (Syllabus 1).

¶19 Pendergraft's primary concern appears to be his contention that Brooks' insurance company refused to honor an alleged agreement during the mediation to negotiate on Pendergraft's behalf with his insurance company regarding coverage for his pre-accident hernia, weight and nerve pain issues. In his appellate briefs, Pendergraft now argues that those medical issues were caused by the automobile accident involving Brooks. This position is clearly inconsistent with the type-written terms of the settlement and the position he took in his response to Brooks' motion to enforce the settlement. The doctrine of judicial estoppel provides that "a party who has knowingly assumed a particular position dealing with matters of fact is estopped from assuming an inconsistent position to the detriment of the adverse party." Bank of the Wichitas v. Ledford, 2006 OK 73, ¶ 23, 151 P.3d 103. However, we do not decide this issue. Without regard to the merits of Pendergraft's contentions, it is clear, for the reasons previously discussed, that any breach of the settlement contract regarding the content of the letter and who is to negotiate with Pendergraft's medical insurer could be remedied in a subsequent breach of contract action.

¶20 Pendergraft's second argument is that the district court erred in not holding an evidentiary hearing before deciding Brooks' motion. Pendergraft represents that he had a witness who would testify regarding "his behavior immediately after the mediation." However, there is nothing in this record to support that contention other than Pendergraft's cite to his response to Brooks' motion to enforce the settlement. That unverified document states that Pendergraft "was on medications during the mediation which may have affected his judgment." There is no mention in this response of a witness and no showing anywhere in the record of what the witness's purported testimony would be, much less how Pendergraft's behavior after the mediation is relevant to his ability to make decisions during the mediation. We assume this contention relates to Pendergraft's assertion that he did not understand or consent to the two interlineations added to the Notice of Settlement.

¶21 Whether the parties have entered into a contract to settle a case may raise a question of fact. See Russell v. Bd. of Cnty. Comm'rs, 2000 OK CIV APP 21, n.8, 1 P.3d 442. However, that is not always the case. See In re De-Annexation, 2009 OK 18, ¶ 7, 204 P.3d 87 (holding that when the dispute only concerns the legal effect of the facts, whether the party seeking enforcement is entitled to judgment is a question of law). Pendergraft's admission in his response to Brooks' motion to enforce the settlement that he signed the Notice of Settlement and initialed the two interlineations essentially resolved any factual dispute at that point. Further, Pendergraft did not ask the district court to conduct an evidentiary hearing in his response to Brooks' motion to enforce the settlement. According to the record provided by Pendergraft, that is an issue raised for the first time on appeal. An appellate court does not generally reach issues that the appellant fails to raise in the district court. Jackson v. Jackson, 2002 OK 25, n.12, 45 P.3d 418.

¶22 And, importantly, Pendergraft did not appeal the judgment granting Brooks' motion to enforce the settlement agreement. That judgment was filed on September 26, 2019, and mailed to him the same day. See 12 O.S.2011 § 696.2(B). Pendergraft's petition in error was filed on November 1, 2019, more than thirty days later. An appeal must be commenced by filing a petition in error with the Supreme Court within thirty days from the date a judgment is filed. 12 O.S. Supp. 2017 § 990A(A). Pendergraft did not do so. Consequently, appellate review of the September 26 judgment is unavailable to Pendergraft, as is any challenge to the facts determined by that judgment. Pendergraft entered into a settlement agreement at mediation, the terms of which are stated in the Notice of Settlement.

¶23 The order from which Pendergraft did file a timely appeal and the only order attached to and designated for review in his petition in error is the October 2, 2019 order dismissing his case with prejudice. That order effectuated one of Pendergraft's promises in the settlement agreement to dismiss his case against Brooks after she paid the amount he agreed to accept to settle the case. Pendergraft has failed to show any error regarding entry of the October 2, 2019 order. Absent a record to the contrary, an appellate court presumes that the district court's dismissal was correct. Willis v. Sequoyah House, Inc., 2008 OK 87, ¶ 17, 194 P.3d 1285. The district court's October 2, 2019 Order of Dismissal with Prejudice is affirmed.

CONCLUSION

¶24 The parties agreed to a settlement of Pendergraft's tort claim at a court-ordered mediation. The terms of that settlement were documented in a Notice of Settlement at Mediation, signed by the parties and the mediator. When Pendergraft refused to honor that agreement, Brooks filed a motion to enforce the settlement agreement. The district court granted that motion and entered a judgment in favor of Brooks finding that the parties had entered into a valid and enforceable settlement agreement. Pendergraft did not appeal that judgment. One term of the settlement provided that Pendergraft would dismiss his case against Brooks in exchange for payment of the agreed settlement amount. When Brooks notified the district court that she had deposited the agreed amount with the court clerk, the court entered the October 2, 2019 order, which is the subject of this appeal, dismissing Pendergraft's case. Pendergraft has failed to show that the district court erred in entering that order. The district court's October 2, 2019 Order of Dismissal with Prejudice is affirmed.

¶25 AFFIRMED.

HIXON, P.J. and RAPP, J., concur.

FOOTNOTES

[1] Pendergraft also filed a Motion for Dismissal Without Prejudice in which he asked the district court to declare the settlement agreement void and to permit him to dismiss the action without prejudice. Pendergraft's motion was set to be heard at the same time as Brooks' motion to enforce the settlement. Although there is no separate ruling specifically disposing of Pendergraft's motion, the district court's judgment in favor of Brooks effectively denied Pendergraft's motion. See KMC Leasing, Inc. v. Rockwell-Standard Corp., 2000 OK 51, ¶ 13, 9 P.3d 683 (stating that the district court's decision is presumed to include a finding of every fact necessary to support it). Further, Pendergraft does not raise any issue regarding his motion in this appeal.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2011 OK CIV APP 38, 256 P.3d 84, WINTERHALDER v. BURGGRAF RESTORATION, INC.
Discussed
 2000 OK CIV APP 21, 1 P.3d 442, 71 OBJ 1218, RUSSELL v. BOARD OF COUNTY COMMISSIONERS
Discussed at Length
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1990 OK 137, 812 P.2d 1351, 62 OBJ 50, Shawnee Hosp. Authority v. Dow Const., Inc.
Discussed
 1997 OK 16, 934 P.2d 332, 68 OBJ 654, Rader v. Farmers Insurance Company, Inc.
Discussed
 2002 OK 25, 45 P.3d 418, JACKSON v. JACKSON
Discussed
 2003 OK 10, 65 P.3d 591, CHRISTIAN v. GRAY
Discussed
 2006 OK 22, 138 P.3d 539, JERNIGAN v. JERNIGAN
Discussed
 2006 OK 73, 151 P.3d 103, BANK OF THE WICHITAS v. LEDFORD
Discussed
 2007 OK 11, 156 P.3d 41, WHITEHORSE v. JOHNSON
Discussed
 2008 OK 87, 194 P.3d 1285, WILLIS v. SEQUOYAH HOUSE, INC.
Discussed
 2009 OK 18, 204 P.3d 87, IN RE DE-ANNEXATION OF CERTAIN REAL PROPERTY
Discussed at Length
 1996 OK 125, 932 P.2d 1100, 67 OBJ 3566, Neil Acquisition, L.L.C. v. Wingrod Investment Corp.
Discussed
 1927 OK 254, 263 P. 130, 129 Okla. 40, BASS FURN. & CARPET CO. v. FINLEY
Discussed
 1982 OK 135, 654 P.2d 616, Corbett v. Combined Communications Corp. of Oklahoma, Inc.
Discussed at Length
 2000 OK 51, 9 P.3d 683, 71 OBJ 1763, KMC Leasing Inc. v. Rockwell-Standard Corp.
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 681, Definition of Judgment
Cited
 12 O.S. 682, Judgment Given for or against Several Persons - Petition Dismissal - Limitation on Individual Liability for Judgments Against Corporation
Cited
 12 O.S. 696.2, Judgment, Decree or Appealable Order to be Written - Preparation of Written Documents - Filing - Mailing - Effect
Cited
 12 O.S. 696.3, Judgments, Decrees and Appealable Orders That are Filed Should Contain the Following
Cited
 12 O.S. 990A, Appeal to Supreme Court of Oklahoma - Filing of Petition - Rules - Procedure - Dismissal
Discussed


 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA