1999 OK CIV APP 121

**Bobby CLINESMITH, Individually and as Father and Next of Kin of Justin Darrell Clinesmith, a minor child, Deceased, Plaintiff/Appellant,**

v.

**Jason HARRELL and Raymond Lewis Lilley, Defendants/Appellees.**

No. 92,925.

Court of Civil Appeals of Oklahoma, Division No. 3.

Sept. 24, 1999.

Larry M. Spears, The Spears Law Firm, Oklahoma City, Oklahoma, for Plaintiff/Appellant.

William J. Bergner, Oklahoma City, Oklahoma, for Defendants/Appellees.

## OPINION

ADAMS, Judge:

¶ 1 Bobby Clinesmith (Plaintiff) sued Jason Harrell and Raymond Lewis Lilley (Defendants) claiming they were liable for damages resulting from the death of Plaintiff's 13–year–old son, Justin. According to Plaintiff's petition, Justin was killed while he was passenger in a vehicle owned by Harrell and being driven by Lilley, who was alleged to be an employee of Harrell.[1] Defendants filed a summary judgment motion, attaching a copy of a Release signed by Plaintiff which Defendants contended released them from any claims by Plaintiff as a result of this accident. Plaintiff responded, attaching evidentiary material he contended demonstrated the release was invalid because it was obtained by fraud and under duress. The trial court sustained Defendants' motion and granted them judgment against Plaintiff on his claim. This appeal followed.

¶ 2 In addressing Plaintiff's claim that summary adjudication was inappropriate, we must examine the pleadings, depositions, affidavits and other evidentiary materials submitted by the parties and affirm if there is no genuine issue as to any material fact and Defendants were entitled to judgment as a matter of law. *Perry v. Green*, 1970 OK 70, 468 P.2d 483. All inferences and conclusions to be drawn from the evidentiary materials must be viewed in a light most favorable to Plaintiff. *Ross v. City of Shawnee*, 1984 OK 43, 683 P.2d 535. We are limited to the issues actually presented below, as reflected by the record which was before the trial court rather than one that could have been assembled. *Frey v. Independence Fire and Casualty Company*, 1985 OK 25, 698 P.2d 17.

¶ 3 Defendants' summary judgment motion was based upon an affirmative defense. To prevail, they were required to "show that there is no substantial controversy as to the facts that are material to the affirmative defense and that the facts and inferences that may reasonably be drawn from them are in [their] favor." *Martin v. Chapel, Wilkinson, Riggs, and Abney*, 1981 OK 134, ¶ 7, 637 P.2d 81, 84 (footnote omitted). They did so. The evidentiary material attached to their motion and some of the evidentiary material attached to Plaintiff's response established that Plaintiff had executed a document which by its terms was a release of all Plaintiff's claims against Defendants arising out of the accident which was the basis of Plaintiff's action.[2] To avoid summary judgment, then, Plaintiff was required to "demonstrate the existence of a material fact that would justify a trial of the issue." *Martin*, 1981 OK 134, ¶ 7, 637 P.2d at 84 (footnote omitted).

¶ 4 In attempting to meet this burden, Plaintiff contended the release was invalid because it was obtained by fraud. According to Plaintiff's evidentiary material, the insurance company for Defendants made no proper investigation of Plaintiff's claim and never disclosed to Plaintiff that his claim was likely worth more than the amount paid. Moreover, according to Plaintiff's evidentiary material, the adjuster never explained to Plaintiff that the release he was signing

---

1. It was alleged that Justin died as result of an accidental gunshot wound which occurred inside the vehicle while it was being driven by Lilley. Plaintiff also alleged negligent entrustment theories against Harrell for allowing Lilley access to the vehicle and to the gun involved in the incident.

2. The evidentiary material attached to Defendants' motion consisted only of a copy of the Release, and the Release did not specifically refer to this accident, only an "accident which occurred on or about the 4th day of April, 1997, at or near Leedey, Okla.," which was the date and location of the accident upon which Plaintiff's claim is based. However, in his affidavit attached to his response, Plaintiff admits execution of the Release and that the funds received for that release were based upon damage sustained as a result of the accident which resulted in his son's death.

would bar any action for wrongful death. According to Plaintiff, these actions violated the insurance company's duty of good faith and fair dealing.

¶ 5 Plaintiff does not base his claim of fraud on any positive misrepresentation by the adjuster but on the adjuster's failure to disclose information to Plaintiff. Silence may constitute a misrepresentation sufficient to support a claim of fraud only where there is a failure to disclose a material fact *by one having a duty to disclose* and who remained silent to that party's benefit and to the detriment of the other party. *Silk v. Phillips Petroleum Company*, 1988 OK 93, 760 P.2d 174. Under Plaintiff's theory, the insurance company had such a duty because Justin was a "Class 2 insured under the uninsured motorist coverage of the policy of insurance," citing *Townsend v. State Farm Mutual Automobile Insurance Company*, 1993 OK 119, 860 P.2d 236.

¶ 6 Even if we were to conclude that a liability insurer investigating and settling a liability claim has such a duty where there is also uninsured motorist coverage available for a Class 2 insured, which we do not decide here, the evidentiary material in this record does not establish the existence of any uninsured motorist coverage. None of the evidentiary material presented by the parties to the trial court indicates the type of coverage carried on the vehicle in which the accident occurred. Plaintiff contends uninsured motorist coverage was included but presented no evidentiary material to support that assertion. Without such evidentiary material, there was no "duty to disclose," and Plaintiff has failed to raise a fact question concerning whether the release was obtained fraudulently.

¶ 7 Similarly, Plaintiff's argument that the release was invalid because of economic duress must fail because the evidentiary material fails to demonstrate the existence of any facts supporting an essential element of that argument. As noted by Plaintiff, the Oklahoma Supreme Court recognized economic duress as a basis for avoiding a release in *Centric Corporation v. Morrison–Knudsen Company*, 1986 OK 83, 731 P.2d 411. However, one of the elements required by

*Centric* for such relief is "wrongful" or "unlawful" conduct by the party seeking to enforce the release.

¶ 8 Although the Court makes it clear that "wrongful" or "unlawful" is not synonymous with "illegal," the Court repeatedly refers to "threats" or "threatened action" by the party with the stronger position. In order to be "wrongful" as used in this context, "the threatened action [must be] an unreasonable alternative to an injurious contractual demand in a bargaining situation." *Centric*, 1986 OK 83, ¶ 23, 731 P.2d at 419 (footnote omitted).

¶ 9 The "economic duress" claimed by Plaintiff is the fact that he had a bank note due on a loan he received for funds to pay for Justin's funeral. The evidentiary materials reveal no facts indicating any threats or other coercive conduct by Defendants or the adjuster. On the contrary, the only facts shown by the evidentiary material indicate Plaintiff initiated the settlement discussion and first suggested an amount $500 below the amount the insurance company eventually paid.

¶ 10 As we understand *Centric*, "economic duress" requires more than just economic pressure on the party executing the release. The party benefitting from the release must have also been guilty of some threat or other coercive conduct which exacerbated the economic pressure. In the absence of any facts which would impose a special duty on the insurance company in dealing with Plaintiff, there is no "wrongful" or "unlawful" conduct by Defendants or the insurance company on which to base a claim of "economic duress."

¶ 11 The facts demonstrated by the evidentiary materials presented to the trial court, considered in the light most favorable to Plaintiff, together with all reasonable inferences from those facts, is consistent only with judgment for Defendants. The trial court's judgment is affirmed.

AFFIRMED.

HANSEN, P.J., dissents; and CARL B. JONES, C.J., concurs.